SHAWMUT COMMUNITY BANK, N.A. *vs.* DOMENIC T.
ZAGAMI.

No. 89-P-865.

Middlesex. January 8, 1991. - March 28, 1991.

Present: WARNER, C.J., KAPLAN, & PORADA, JJ.

Further appellate review granted, 410 Mass. 1103 (1991).

*Practice, Civil*, Appeal, Record. *Consumer Protection Act*, Damages, Wil-
ful or knowing violation. *Judgment*, Interest.

This court declined to review certain issues raised on appeal in a civil ac-
tion, where the parties failed to present an adequate record appendix
and did not comply with the provisions of Mass. R.A.P. 18(a) or 18(f).
[371-374]
Where the judge's findings after the trial of a G. L. c. 93A claim did not
disclose whether the defendant (in counterclaim) had wilfully and
knowingly violated § 2 of that statute, the case was remanded for expli-
cation of her conclusions and an articulation of the appropriate amount
of damages. [375-377]
Prejudgment interest was properly included in the judgment on a jury ver-
dict allowing recovery on a claim of common law fraud. [377]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 17, 1979.

The case was tried before *Suzanne V. DelVecchio*, J.

*Michael C. Gilleran* for the plaintiff.

*Edward J. Collins* for the defendant.

WARNER, C.J. 1. In these cross-appeals, there are such
gross and pervasive deficiencies, attributable to both parties,
in the record presented to us that we are unable to review
any but two of the issues.

The claims tried below, common law fraud to a jury and
G. L. c. 93A to a judge, were presented on the defendant's
(Zagami) counterclaims and arose out of a series of bank
transactions over a period of about four years in the mid-
1970's. The jury trial resulted in a judgment for Zagami in

the amount of $225,000, to which was added $198,598.50 in pre- and postjudgment interest, bringing the total to $423,598.50. The bench trial resulted in findings by the judge that there had been G. L. c. 93A violations by the plaintiff (Shawmut) — but they had not been wilful and knowing — and a judgment for Zagami for reasonable attorney's fees and costs (not determined). See G. L. c. 93A, § 9(3) & (4). Shawmut appealed, raising several issues with respect to both judgments. Zagami's appeal relates to two aspects of the c. 93A judgment.

Crucial to review of most of the appellate issues are the transcripts of both trials and the content of various trial and posttrial motions. From the transcripts, there are reproduced in the appendix only three pages of the testimony of each of two witnesses during the jury trial, which the docket suggests took place during six days. From the c. 93A trial, there are eight pages of the testimony of one witness in proceedings which appear to have been held over a period of five days.[1] The transcript portions which are reproduced relate to discrete issues as to which there was other evidence, testimonial and documentary. Moreover, the docket shows that, as to the jury trial, Shawmut moved for a directed verdict, for judgment notwithstanding the verdict (original and renewed) and for a partial new trial, for amendment of the judgment and for relief from judgment. As to the c. 93A trial, Shawmut and Zagami each moved to amend the findings and judgment. Shawmut also moved to modify the verdict and to strike pre- and postjudgment interest. Of all of these motions, only Zagami's motion to alter and amend the findings and judgment in the c. 93A action appears in the appendix. Zagami represents in his brief that hearings were held on Shawmut's posttrial motions, but we have no record of any of those proceedings if, indeed, such exist.

It is the obligation of the appellants to include in the appendix those parts of the jury trial and c. 93A trial transcripts, as well as copies of the motions, which are essential

---

[1]The parties' briefs are replete with references to the unproduced transcripts of both trials.

for review of the issues raised on appeal (both to determine whether the evidence supports the theory on appeal and whether the issue was properly presented and preserved). This is a fundamental and long-standing rule of appellate civil practice. See Mass.R.A.P. 8(a) & (b), as amended, 378 Mass. 932-933 (1979); Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979); Mass.R.A.P. 18(b), as amended, 378 Mass. 941 (1979); Mass.R.A.P. 18(d), as amended, 370 Mass. 919-920 (1976); Mass.R.A.P. 18(e), as amended, 392 Mass. 1107 (1984); *Kunen* v. *First Agric. Natl. Bank*, 6 Mass. App. Ct. 684 (1978); *Iverson* v. *Board of Appeals of Dedham*, 14 Mass. App. Ct. 951 (1982); *Holleman* v. *Gibbons*, 27 Mass. App. Ct. 563, 566-568 (1989). Cf. *Commonwealth* v. *Kater*, 409 Mass. 433, 448 n.12 (1991).

To compound the problem, the appendix which was submitted is a diffusely arranged collection of letters, memoranda, checks, lists of telephone calls, credit slips, responses to requests for production of documents, a handwritten copy of Zagami's counsel's closing argument in the c. 93A trial (utterly without relevance to any issue on appeal) and other materials. The relevance of many of the documents is doubtful or marginal, some are duplicative, at least one is incomplete, and some are partially or wholly illegible. Even the physical arrangement of the appendix fails to comport with the rule which requires consecutively numbered pages and chronological order. See Mass.R.A.P. 18(d). The appendix is divided into seventy sections, each separated by a blue cover sheet describing its contents, and the pages within most sections are unnumbered.

As we said in 1978, "[W]e have usually adhered to a practice of declining to look at parts of records which have not been reproduced in appendices unless there has been prior compliance with the proviso of Mass.R.A.P. 18(a) or with the provisions of Mass.R.A.P. 18(f) [365 Mass. 867 (1974)]." *Kunen* v. *First Agric. Natl. Bank, supra* at 690-691, and cases cited. There has been no such compliance in this case. The grave and almost universal failure to present an adequate appendix prevents a characterization of inadver-

tence; rather we are compelled to the conclusion that there has been serious "negligence or a lack of attention and diligence." *Holleman* v. *Gibbons, supra* at 568. There is thus no reason to depart from our established practice of not going beyond the appendix provided by the parties. See *Kunen* v. *First Agric. Bank, supra* at 691. Compare *Holleman* v. *Gibbons, supra*.

2. The issues on which the parties have foreclosed review (for the reasons we have stated) may be summarized as follows. Shawmut makes three claims of error in the jury trial: (1) prior oral statements contradicting the terms of a written contract were admitted in evidence to support Zagami's claim of fraudulent inducement; (2) Zagami's disavowal during closing argument of a position taken at trial precludes Zagami, as matter of law, under the doctrine of judicial estoppel from recovering on his fraud claim; and (3) evidence offered by Zagami must, as matter of law, be disregarded because it contradicted conclusive physical facts established by Shawmut.

As to the c. 93A claims, Shawmut makes four arguments: (1) Zagami's claims are precluded by the Statute of Frauds and the statute of limitations; (2) Zagami's claim of fraud with respect to a certain transaction cannot result in liability because it was injected at the end of the trial, without notice, and it was tried without Shawmut's implied or express consent; (3) Zagami's claim concerning the execution of a certain note is barred because it arises under G. L. c. 93A, § 9, and a claim of fraud relative to a bank loan was not within the ambit of § 9 at the time the claim was brought; and (4) Shawmut should not have been held responsible for its employee's failure to disclose information to Zagami about another customer's financial condition because Shawmut had no duty to make such disclosures. Zagami contends with respect to the c. 93A trial: (1) the judge failed to make independent (i.e., from the jury) findings of fact on damages; (2) in her findings, the judge failed to consider important evidence that showed a wilful and knowing violation of c. 93A; and (3) Shawmut failed to make a reasonable settlement of-

fer when it answered Zagami's counterclaim, thereby entitling Zagami to multiple damages under §§ 2 & 11 of c. 93A.[2]

3. We come to those issues which are reviewable on the record properly before us.

(a) Zagami argues that the judge's findings compel a conclusion of wilful and knowing violations of G. L. c. 93A, § 2, and, therefore, the award of multiple damages. See G. L. c. 93A, § 9(3).

"Chapter 93A ties liability for multiple damages to the degree of the defendant's culpability by creating two classes of defendants. The first class is those defendants who have committed relatively innocent violations of the statute's substantive provisions. These defendants are not liable for multiple damages. The second class is those defendants who have committed 'willful or knowing' violations. Based on the egregiousness of each defendant's conduct, the trial judge may assess between double and treble damages." *International Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 853 (1983) (citations omitted). See *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 779-780 (1986); G. L. c. 93A § 9(3). This provision of c. 93A "is directed against callous and intentional violations of the law . . . ." *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 627 (1978).

Precisely what constitutes a "willful" or "knowing" violation has been discussed in cases of alleged affirmative misrepresentations. "To prove that the defendant committed a knowing violation by fraud, the plaintiff may show that agents of the defendant knew that the fact they represented to be true was not true. Similarly, to prove that the defendant committed a willful violation by fraud, the plaintiff may prove that agents of the defendant knew they did not know whether the fact represented was true or false — that they

---

[2]As to all these claims, Zagami's motion to alter and amend the findings and judgment, which *does* appear in the appendix, does not properly preserve them for review.

As to the third claim, referring to § 11, the judge treated the case as one involving a consumer dispute under c. 93A, § 9, not as a business dispute under § 11.

made the representation without knowing whether it was true or false and with reckless disregard for whether it was true or false. Though not the equivalent of proving the state of mind of knowing the falsity of the fact represented, this is nevertheless proof of a culpable state of mind — the state of mind of willful disregard for truth or falsity of the fact represented." *Shaw* v. *Rodman Ford Truck Center, Inc.,* 19 Mass. App. Ct. 709, 711-712 (1985), quoting from and adopting the reasoning of *Computer Sys. Engr., Inc.* v. *Qantel Corp.,* 571 F. Supp. 1365, 1375 (D. Mass. 1983), aff'd., 740 F.2d 59 (1st Cir. 1984).

A violation may be "grievous" without being wilful or knowing. *Bachman* v. *Parkin,* 19 Mass. App. Ct. 908, 910 & n.7 (1984) (violation "did not partake of the meretricious quality signified by 'wilful' "; judge's finding implied negligence). See *Linthicum* v. *Archambault,* 379 Mass. 381, 388 (1979) (negligence does not give rise to a multiple damages claim under § 11).

Here, the judge's findings and conclusions are ambivalent. On the one hand, she found that Shawmut's employees had misrepresented and concealed information. She concluded that the information was material, that the conduct violated G. L. c. 93A, § 2, and that it caused Zagami losses. On the other hand, she concluded that there was "confusion" on the part of Shawmut's employees. That conclusion appears not to be related to the findings of misrepresentation and concealment. Based upon it, however, the judge seems to have further concluded that, although Shawmut's employee's conduct was "grievous, it was not willful and knowing." Accordingly, she declined to double or treble the damages awarded by the jury. Intentional nondisclosures of material facts have been held wilful and knowing violations of G. L. c. 93A, § 2. See *Heller* v. *Silverbranch Constr. Corp., supra* at 628; *Grossman* v. *Waltham Chem. Co.,* 14 Mass. App. Ct. 932, 934 (1982); *Patry* v. *Liberty Mobilehome Sales, Inc.,* 15 Mass. App. Ct. 701, 705-706 (1983), *S.C.,* 394 Mass. 270 (1985). See also *Bump* v. *Robbins,* 24 Mass. App. Ct. 296, 310-313 (1987). In order to determine whether the judge correctly

determined that there was no wilful or knowing violation, we need a more comprehensive and connected explanation than her findings and conclusions provide. As they now stand, they appear to conflict.

(b) Shawmut claims that it was error to include prejudgment interest in the judgment on the jury verdict because tort recovery on a common law fraud theory is not comprehended by G. L. c. 231, § 6B, and the case is not governed by G. L. c. 231, § 6H, because of its later effective date. There was no error. Section 6B has been applied to judgments on claims of the sort involved here. See *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. at 273 (as to the nature of the claims, see *S. C.*, 15 Mass. App. Ct. at 705-706); *McEvoy Travel Bureau, Inc.* v. *Norton Co.*, 408 Mass. 704, 716-717 (1990); *Brown* v. *Gerstein*, 17 Mass. App. Ct. 558, 572 (1984); *Sugarman* v. *Sugarman*, 797 F.2d 3, 13-14 (1st Cir. 1986). See also *Leahy* v. *Local 1526, American Fedn. of State, County, and Mun. Employees*, 399 Mass. 341, 354 (1987).

4. The judgment on the jury verdict is affirmed. The judgment in the G. L. c. 93A action is affirmed so far as it goes. The case is remanded to the Superior Court judge for explication of her findings and conclusions, consistent with this opinion, with respect to Shawmut's violations of c. 93A and the question whether there had been wilful and knowing offenses. In the event that the judge enters appropriate findings and decides to award double or treble damages, a result as to which we make no suggestion, she should articulate the elements of the single damages which she determines and modify the judgment accordingly. The order denying Zagami's motion to alter and amend findings and judgment is vacated to allow consideration of the findings and conclusions as we direct. The orders denying Shawmut's posttrial motions are affirmed.

There shall be no award to Zagami of appellate attorneys' fees. See *Patry* v. *Mobilehome Sales, Inc.*, *supra* at 272. Neither party is to have costs of appeal.

*So ordered.*