Following a motor vehicle accident, the plaintiff sued the defendant for negligence, seeking damages for medical expenses and pain and suffering. The jury returned a verdict for the plaintiff and awarded her damages in the amount of $17,226.[2] Claiming that this award was greatly disproportionate to her medical expenses, the plaintiff moved for additur or a new trial on damages. The judge denied the motion, and the plaintiff appeals from both the judgment and the posttrial order.
We note at the outset that the plaintiff has failed to provide a record appendix that is adequate for appellate review. "It is the obligation of the appellant[ ] to include in the appendix those [materials that] are essential for review of the issues raised on appeal ...." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). The crux of the plaintiff's appeal is that the jury's award cannot be reconciled with her medical records and bills, yet she did not include any of those records and bills in the appendix. Her appeal fails for this reason alone. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).
In any event, the record materials we do have demonstrate that the judge did not abuse her discretion in denying the plaintiff's motion. See Baudanza v. Comcast of Mass. I, Inc., 454 Mass. 622, 630 (2009), quoting from Blake v. Commissioner of Correction, 403 Mass. 764, 771 (1989) (whether to allow motion for additur or new trial on damages "rests in the sound discretion of the judge"). The defendant argued to the jury that the plaintiff was not entitled to the full amount of damages she claimed. A reasonable juror could have accepted any of the reasons the defendant offered in support, including lack of causation between the accident and some of the plaintiff's medical symptoms. This is not the "extraordinary" case where the jury's award was so inadequate as to warrant reversal. Magaw v. Massachusetts Bay Transp. Authy., 21 Mass. App. Ct. 129, 139 (1985).
Judgment affirmed.
Order denying motion for additur or new trial on damages affirmed.

The judge later allowed the defendant's motion to reduce the award by $8,000 to offset the personal injury protection benefits received by the plaintiff. The plaintiff raises no claim of error as to this ruling.