The plaintiff brought suit under 42 U.S.C. § 1983 (2012) against officials of the Department of Correction, alleging that they lost or destroyed his personal property. After the plaintiff moved for summary judgment, the defendants filed what they titled a "motion in opposition to summary judgment and motion for judgment on the pleadings."[3] At a hearing on November 3, 2016, a Superior Court judge (first judge) denied the plaintiff's summary judgment motion, construed the defendants' motion for judgment on the pleadings as a motion to dismiss, and gave the plaintiff thirty days to respond.[4] When the plaintiff failed to do so by late February of 2017, a second judge, acting on a motion by the defendants, dismissed the complaint under Mass.R.Civ.P. 41(b)(2), 365 Mass. 803 (1974), for failure to prosecute. This appeal by the plaintiff followed.
"The allowance or denial of a motion to dismiss for failure to prosecute is committed to the judge's sound discretion." Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). The plaintiff here raises no argument that his failure to comply with the first judge's November 3, 2016, order was due to reasons beyond his control or otherwise excusable for good cause. Instead, he devotes most of his brief to arguing that he was entitled to a default judgment because the defendants did not answer the complaint within twenty days. But the filing of "any motion under [Mass.R.Civ.P.] 12 'stops the clock' on the 20-day responding period" pending a decision on the motion. Reporter's Notes to Rule 12, Massachusetts Rules of Court, Rules of Civil Procedure, at 21 (Thomson Reuters 2018). The plaintiff focuses on the defendants' failure to file an answer, while disregarding the fact that the first judge construed their motion for judgment on the pleadings as a motion to dismiss under rule 12. The first judge did not abuse her discretion in taking this action, as she postponed hearing on the motion and gave the plaintiff additional time to respond, ensuring that he would not be prejudiced. In turn, the second judge did not abuse her discretion in dismissing the complaint based on the plaintiff's failure to file a response within, and even well beyond, the time he was given.
The plaintiff also claims that his motion for summary judgment should have been allowed because there are no material facts in dispute. But he puts forth no cogent reasoning in support of his position, nor has he provided us with any of the evidentiary materials supporting his motion. "It is the obligation of the appellant[ ] to include in the appendix those [materials that] are essential for review of the issues raised on appeal...." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). Based on the record before us, we are unable to assess the plaintiff's claim.
Judgment affirmed.

The defendants raised several dispositive defenses in this motion, including failure to exhaust administrative remedies, failure to state a viable due process claim, and qualified immunity.

Although the plaintiff points out that the docket does not reflect any order requiring him to respond to the motion to dismiss within thirty days, he does not appear to dispute that the first judge orally issued such an order during the hearing on November 3, 2016. And to the extent the plaintiff is challenging the existence of the order, we are unable to consider his argument because he did not provide us with a transcript of the hearing. See Mass. R.A.P. 8(b), as amended, 430 Mass. 1601 (1999). We also note that the defendants repeatedly referenced the order in opposing the various motions for default that the plaintiff filed after the hearing. It is apparent that the first judge agreed with the defendants' representations that she issued the order, as she denied at least two of the plaintiff's motions "for the reasons set forth" in the oppositions.