The plaintiff, John Doe, appeals from his classification as a level two sex offender by the Sex Offender Registry Board (SORB). He claims that the SORB hearing examiner acted in an arbitrary and capricious manner in disregarding the expert witness's report and testimony. We affirm.
Background. In early 2010, Doe's one and one-half year old biological daughter was in her mother's bedroom. The mother was asleep on the sofa in the living room when she awoke to hear the daughter crying. The mother went to the bedroom where she saw Doe standing over the daughter, masturbating in close proximity to her face and urging her to "put it in [her] mouth." The mother subsequently reported the incident to the police. Doe denied the charge.
In 2012, following a jury trial in the Superior Court, Doe was convicted of assault of a child with intent to rape and sentenced to ten years of supervised probation. On October 3, 2014, following notification and a hearing pursuant to the provisions of the sex offender registry law, G. L. c. 6, §§ 178C - 178Q, Doe was classified as a level three sex offender. He sought judicial review of that decision in the Superior Court pursuant to G. L. c. 30A, § 14. While that appeal was pending, the Supreme Judicial Court issued its decision in Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015), which revised the standard of proof for an offender's risk classification by the SORB from preponderance to clear and convincing evidence. Accordingly, a SORB hearing examiner (examiner) conducted a new hearing pursuant to G. L. c. 6, § 178L, after which she determined, by clear and convincing evidence, that Doe "presents a moderate risk to re-offend, a moderate degree of dangerousness," and ordered that he register as a level two sex offender. Doe again sought judicial review of that decision in the Superior Court pursuant to G. L. c. 30A, § 14.
In the Superior Court, Doe filed a motion for judgment on the pleadings. Following a hearing, a judge denied the motion and ordered final judgment to enter, affirming the SORB's classification of Doe as a level two sex offender. Doe timely appealed.
Discussion. Initially, the SORB contends that Doe presented an inadequate record appendix that precludes meaningful appellate review of the issues raised on appeal. We agree.
"An appellant's obligation to include those parts of the trial transcript and copies of motions 'which are essential for review of the issues raised on appeal .... is a fundamental and long-standing rule of appellate civil practice.' " Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995), quoting Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). At the SORB hearing, Doe relied on the report of an expert that concluded that Doe presented, at worst, a low risk of future dangerousness. On appeal, Doe contends that the "examiner disregarded the expert witness report and testimony without good reason." The examiner found the expert's opinion regarding Doe's risk to be unpersuasive because, inter alia, the opinion relied heavily on Doe's unconfirmed self-reports, did not take into account certain aggravating factors found by the examiner, did not consider the victim's vulnerable status, and did not consider factors set forth in 803 Code Mass. Regs. § 1.33 (2016), which the SORB "shall" use "to determine each sex offender's level of risk of reoffense and degree of dangerousness posed to the public in reaching a final classification decision."
In view of the specific arguments now raised on appeal, any analysis of the hearing officer's findings and order requires review of the expert's report and the expert's testimony. Without these items, we are left to speculate as to the expert's specific determinations and bases therefore, and cannot conduct a meaningful assessment of the validity and persuasiveness of Doe's claim. See Shawmut Community Bank, N.A., 411 Mass. at 811 (obligation of appellants to include in appendix relevant portions of transcripts and trial court record "necessary to determine whether the arguments raised on appeal are first, correct, and second, properly preserved"). As Doe did not include the portions of the transcript and report "which are essential for review of the issues raised on appeal," Shawmut Community Bank, N.A., 30 Mass. App. Ct. at 372-373, we are unable to consider Doe's argument. See Cameron, 39 Mass. App. Ct. at 83 ("Due to the insufficiency of the record, we are unable to review the evidence presented at trial to determine whether the plaintiff met [his] burden of proof. The plaintiff failed to include all portions of the trial transcript that are crucial to our review of the evidence in the record appendix, as required by Mass.R.A.P. 18 [a], as amended, [425] Mass. [1602] [1997]").
To the extent that Doe's claim could be reviewed solely on the basis of the hearing examiner's written decision and order, we discern no error, and cannot conclude that the examiner acted in an arbitrary and capricious manner. As the Superior Court judge found, the "examiner analyzed the report and testimony of Doe's evaluating psychologist, who concluded that Doe posed only a very low risk to re-offend. In her [d]ecision, the hearing examiner describes in detail her consideration and analysis of the psychologist's evidence. She clearly and adequately explains why she did not accept the psychologist's opinion that Doe's risk to re-offend was very low."
As further detailed in the hearing examiner's findings, Doe has a history of substance abuse, and has a significant, but somewhat aged criminal and motor vehicle record. Doe's record includes incidents related to drug and alcohol use. The examiner gave considerable weight to Doe's age at the time of the incident, that the incident took place where Doe had no expectation of privacy,[2] and the extra-vulnerable nature and age of the daughter. The examiner gave "moderate" weight to Doe's criminal and substance abuse history, and considered the risk-mitigating factor of Doe's stable employment and community support. The record supports the examiner's subsidiary factual findings and ultimate classification decision.
Judgment affirmed.

Doe also complains that the examiner improperly concluded that the predicate offense took place in a "public place," when, he contends, the incident as charged took place in a "private" residential bedroom. Here again, we agree with the judge's determination that "[f]actor 16 applies when a sex offense is committed 'in a place where detection is likely,' which is further defined as 'any place that is open to the scrutiny of others and where there is no expectation of privacy.' 803 Code Mass. Regs. § 133(16). Because Doe committed the offense in the mother's bedroom when the mother was in the next room, the hearing examiner cannot be said to have committed error or abused her discretion in applying [f]actor 16 as one that elevates Doe's risk."