NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1445

C.M.

vs.

D.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

C.M. (husband), the former spouse of D.M. (wife), appeals from a Probate and Family Court contempt judgment dated October 20, 2022, entered on the wife's two contempt complaints (2022 contempt judgment).  That judgment adjudicated the husband guilty of civil contempt for failing to pay the wife $7,500 in legal fees previously ordered in connection with contempt and modification actions commenced by the husband that were dismissed with prejudice in May 2021.  The 2022 contempt judgment ordered the husband to make specified periodic payments until the $7,500 was satisfied, and to pay a sanction of $50 per day for each day a periodic payment was late.  We affirm the 2022 contempt judgment.

The husband claims error in the underlying fee award ordered in connection with the May 2021 judgments of dismissal. But the propriety of the $7,500 fee award is not before us. Although the husband filed a notice of appeal from the May 2021 judgments of dismissal, that appeal was dismissed in March 2022. The husband's subsequent motion seeking leave to file a late appeal from those judgments was denied in July 2022. The husband appealed the order denying him leave to file a late appeal, and that order was affirmed in an unpublished memorandum and order issued by another panel of this court. C.M. v. D.M., 104 Mass. App. Ct. 1101 (2024). Thus, in the present appeal, the husband cannot challenge the correctness of the $7,500 fee award itself.

The husband also claims that the judge erred in finding him guilty of contempt because, although he conceded that he had not paid the $7,500 fee award, there was no clear and convincing evidence of his ability to pay it. It is true that the burden of proof in civil contempt cases is ordinarily on the party complaining of contempt, but "[t]he Legislature has assigned a different burden . . . in family law matters." Birchall, petitioner, 454 Mass. 837, 850 n.13 (2009). In the Probate and Family Court, "[a]t the hearing of a complaint for civil contempt, the defendant shall have the burden of proving his or her inability to comply with the pre-existing order or judgment

2

of which the complaint alleges violation." G. L. c. 215, § 34. See Birchall, supra.

Accordingly, in this case the burden was on the husband, as the defendant in the wife's contempt actions, to prove his inability to pay the $7,500 fee award. The husband argued to the judge that he was unable to pay. By thereafter finding the husband in contempt, the judge implicitly found that the husband had failed to prove his inability to pay. On appeal, the question is whether the husband, as the appellant, has carried his burden of showing that the judge's finding was clearly erroneous. Allen v. Allen, 86 Mass. App. Ct. 295, 298 (2014).

A judge's factual findings will "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge . . . the credibility of the witnesses." Mass. R. Dom. Rel. P. 52 (a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Barboza v. McLeod, 447 Mass. 468, 469 (2006), quoting Marlow v. New Bedford, 369 Mass. 501, 508 (1976).

The husband cannot carry his burden here, because he has not furnished us with a complete transcript of the evidentiary hearing on the wife's complaints for contempt. The transcript he has provided ends after approximately twelve and one-half

3

minutes, just as the wife was beginning to testify.  Without a record of the "entire evidence" offered at the hearing, Barboza, 447 Mass. at 469, we are in no position to determine that the judge clearly erred in finding the husband able to pay.  See Matter of Valerie R. Pecce Supplemental Needs Trust, 99 Mass. App. Ct. 376, 381-382 (2021).

We recognize the husband's claim that the audio recording of the contempt hearing was itself incomplete, preventing him from obtaining a complete transcript.  This was the subject of a hearing held by a single justice of this court on March 8, 2024, at which the parties were informed that if the recording was unrecoverable, they could seek to reconstruct the record.  See Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019) (procedures for reconstructing record when transcript unavailable, matters were omitted from record, or recording was inaudible).  The wife declined to undertake the process of reconstructing he record, and the husband expressed no interest in doing so.

It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal."  Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).  Where the appellant has the burden

4

of showing that a finding of fact was clearly erroneous, but has not provided a sufficient transcript, "[w]e cannot determine that a finding of fact was clearly erroneous under these circumstances."  Matter of Valerie R. Pecce Supplemental Needs Trust, 99 Mass. App. Ct. at 381.

The husband appears to argue that, because he is indigent as defined in G. L. c. 261, § 27A, he is as a matter of law unable to pay the fee award.  But he cites no authority for this proposition.[1]  He asserts that he qualifies as indigent because he receives food stamps and MassHealth benefits, but he fails to demonstrate that eligibility for such benefits necessarily equates to inability to pay the fee award, particularly through periodic payments such as those required by the 2022 contempt judgment.

His brief further claims that he qualifies as indigent because he "is unable to pay the judgment without depriving [himself] or his dependents of the necessities of life, including food, shelter and clothing."  He asserts that the judge erroneously "denied" his affidavit of indigency.  But the

_____

[1] He sensibly does not assert that the judgment ordering him to pay the wife's attorney's fees was a "cost" that should have been waived, substituted, or paid by the Commonwealth under G. L. c. 261, §§ 27A-27G; he appears to concede that it was not. Cf. Frechette v. D'Andrea, 494 Mass. 167 (2024) (use and occupancy payments that indigent tenant was required to pay during pendency of summary process appeal were not "costs" under § 27A).

5

portion of the record he cites in support of this argument is so illegible that we cannot determine the basis upon which he claimed indigency or how the judge may have ruled on whatever request he was making.  We can, however, discern that either the request or the ruling was dated February 2021, which was twenty months before the October 2022 contempt hearing at issue here, and therefore was of limited relevance in determining his ability to pay at the time of the hearing.

<u>Contempt judgment affirmed</u>.

By the Court (Sacks, Shin & Hershfang, JJ.[2]),

*Paul Little*

Clerk

Entered: November 21, 2024.

---

[2] The panelists are listed in order of seniority.