NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1331

PATRICIA POSTALE

vs.

ROSE MITCHELL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Patricia Postale, signed a deed in October 2020 purporting to convey her home to her daughter, the defendant, Rose Mitchell, who lived in the home with Postale. After subsequent purported conveyances by both parties, Postale brought this action in the Probate and Family Court, essentially seeking to invalidate the October 2020 deed on grounds including undue influence and her own incompetence at the time she signed it, and to require Mitchell to make related payments or reimbursements to Postale.  After a trial, judgment entered in Postale's favor.  On Mitchell's appeal, we affirm the judgment.[1]

---

[1] In a related appeal decided today, we affirm the judge's posttrial order imposing sanctions on Mitchell's counsel for

At the outset, Mitchell's brief and reply brief fail to include adequate citations to the record appendix. See Mass. R. A. P. 16 (a) (6)-(9), (e), as appearing in 481 Mass. 1628 (2019). Moreover, her briefs allude to numerous claimed errors in the trial court proceedings but fail to offer any intelligible appellate argument on those issues. "The appellate court need not pass upon questions or issues not argued in the brief." Mass. R. A. P. 16 (a) (9) (A). In many instances she cites no legal authority in support of her arguments. See Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020) (claims not adequately argued on appeal are waived).

Nor does Mitchell include in her record appendix the materials essential to certain of her arguments. It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). We nevertheless do our best to address the principal issues Mitchell appears to raise.

---

improperly filing a posttrial motion to alter or amend the judgment, see Appeals Court No. 24-P-1330.

2

1.  Role of Postale's attorney-in-fact.  Mitchell argues that the complaint was defective because it was brought in Postale's name by her attorney-in-fact, Lisa Dibara (who is Postale's other daughter and Mitchell's sister).  Mitchell does not challenge Dibara's authority -- a copy of Postale's durable power of attorney naming Dibara was attached to the complaint -- but asserts instead that Dibara lacked personal knowledge of the facts alleged in the complaint.  Yet Mitchell cites no authority requiring a plaintiff, or a plaintiff's agent, to have such personal knowledge.  We conclude that Dibara's role in bringing the complaint furnishes no ground for granting any relief to Mitchell.[2]

2.  Standing.  Mitchell argues that a sequence of conveyances occurring after the challenged October 2020 deed (from Postale to Mitchell) resulted in Postale losing her standing to challenge the deed, thereby depriving the trial court of subject matter jurisdiction over those claims.

---

[2] Mitchell also suggests that Postale's counsel lacked sufficient knowledge of the matters alleged in the complaint to satisfy Mass. R. Civ. P. 11 (a) (1), as appearing in 488 Mass. 1403 (2021).  Our rule 11 requires only "a subjective good faith belief that the pleading was supported in both fact and law." Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998).  Mitchell has not shown by reference to anything in the record that Postale's counsel lacked such a belief.  Mitchell's unsubstantiated claims of "fraud on the court" by plaintiff's counsel require no discussion.

Specifically, Mitchell points to evidence that (1) in November 2020, she deeded the home to herself and Postale; (2) in September 2021, Postale deeded the home (or her interest in it) to her son Anthony Postale (Anthony);[3] and (3) in August 2023, Anthony deeded the home (or his interest in it) to Dibara as trustee of the Patricia E. Postale Irrevocable Trust.[4] Mitchell appears to argue that because Postale deeded the home or her interest in it to Anthony in September 2021, Postale lacked standing to seek to recover any interest she had previously conveyed to Mitchell through the October 2020 deed.

We are not persuaded. Even if the November 2020 deed from Mitchell to herself and Postale were valid, it would have conveyed to Postale only a fifty percent interest in the home. Postale would thus have retained her standing to seek to recover the other fifty percent interest still held by Mitchell. Postale's September 2021 deed to Anthony, even if valid, could

---

[3] Because the plaintiff and her son share a surname, for clarity we refer to the son by his given name, Anthony. No disrespect is intended.

[4] Postale's brief on appeal asks that we strike the August 2023 deed from Mitchell's record appendix on the ground that it was not before the trial court. Postale's brief nevertheless goes on to rely on that deed in making an argument, discussed infra, regarding whether Anthony should have been joined as a party. In the circumstances, we conclude that it is unnecessary to resolve whether the deed is properly part of the record; nothing in our decision turns on the issue.

4

have conveyed no more than the fifty percent interest that Postale then owned.  Nothing in that deed purported to convey Postale's claim against Mitchell to recover the other fifty percent still held by Mitchell.  Postale thus retained standing to assert that claim.[5]

Here, of course, the judge concluded, and the judgment states, that because the challenged October 2020 deed from Postale to Mitchell was invalid, "[a]ll deeds executed after this deed are void."[6]  That conclusion -- which Mitchell has not challenged on appeal -- would deprive the deed from Postale to Anthony of any effect, and thus that latter deed would have no effect on Postale's standing to challenge the October 2020 deed.

3. Validity of Postale's subsequent deed.  Mitchell next seems to argue that Postale's actions after executing the

_____

[5] Even if Postale's September 2021 deed to Anthony were construed as somehow conveying or intended to convey full title in the home, it appears Postale would retain her standing to assert a claim against Mitchell.  This is because the September 2021 deed expressly conveyed the home "with quitclaim covenants."  Under G. L. c. 183, § 17, that language imposed obligations on Postale as grantor, running to Anthony and his successors as grantees, that Postale could have sought to satisfy by continuing to pursue recovery of whatever interest Mitchell might claim under the October 2020 deed.  As the parties have not briefed the effect of the quitclaim covenants, however, we do not decide these issues.

[6] We construe those words in the judgment to refer to deeds executed after the October 2020 deed and in existence at the time of the judgment that purported to convey an interest in the subject property.

October 2020 deed somehow barred Postale from claiming that she was incompetent to execute that deed.  Specifically, Mitchell asserts that while this case was pending, Postale -- with the assistance of Dibara and present counsel -- deeded her interest in the home to an irrevocable trust in her name.  Mitchell views this as an implicit representation by Postale, Dibara, and counsel that Postale was competent to execute such a deed.  Mitchell argues that such a representation cannot be squared with the claim, accepted by the judge, that Postale was incompetent to execute the October 2020 deed.

No deed from Postale to any trust is in the record, however; rather, the record contains a September 2021 deed from Postale to Anthony and a subsequent deed from Anthony to the trust.  See note 4, supra.  But even if Mitchell's argument is intended to be based on the deed from Postale to Anthony, Mitchell does not point us to, nor can we find, anything in the record showing that her argument was raised to the judge. Mitchell's position seems to be that if Postale was competent to deed her interest in the home to Anthony in September 2021, she must also have been competent in October 2020 to execute the challenged deed of the entire home to Mitchell.  But again, nowhere does it appear that Mitchell argued this point to the

6

judge, either as an issue of fact or one of law.[7]  "An issue not raised or argued below may not be argued for the first time on appeal" (citation omitted).  Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  Mitchell's argument is therefore waived.

In any event, lack of competence was not the only ground on which the judge invalidated the October 2020 deed.  She also relied on the absence from the deed of a formal acknowledgment as required by G. L. c. 183, §§ 29-30, and on the deed's having been procured through Mitchell's undue influence over Postale.  Thus, even if we were persuaded that Postale was competent throughout the relevant period, Mitchell would not necessarily be entitled to any relief on appeal.

4.  Failure to join necessary party.  Mitchell next argues that because Postale failed to join a necessary party, this case should never have gone to trial.  Postale had been ordered to amend her complaint to name Anthony as a necessary party plaintiff (based on Postale's September 2021 deed to Anthony),

_____

[7] Nor has she supplied any legal authority to us suggesting that a person competent to execute a deed in September 2021 must necessarily have been competent in October 2020 to execute a deed related to the same property.  We note that Postale's complaint alleged that the two deeds were signed under very different circumstances.  These included that Postale signed the September 2021 deed to Anthony "to avoid [Mitchell's] ability to assert any further undue influence over [Postale]."

7

yet Postale never did so. Nevertheless, despite the order to join Anthony having been issued on May 22, 2023, it does not appear that Mitchell ever brought the failure to join Anthony to the judge's attention, either as a reason to postpone the trial (held in March 2024) or as the basis for any other relief. On the first day of trial, Mitchell argued a motion to continue the trial on various grounds, but she made no mention of the failure to join Anthony, and the motion was denied. Once again, therefore, the issue is waived. See Carey, 446 Mass. at 285. In any event, on appeal Mitchell identifies no prejudice from the failure to join Anthony.[8]

5. Absence of private right of action. Mitchell asserts that there is no private right of action under certain elder protection statutes, see G. L. c. 19A, §§ 14-26, and so Postale could not bring any claim under those laws. The short answer to this argument is that nothing in Postale's complaint purported to bring any such claims. The same is true of Mitchell's assertion that Postale could not bring a claim under G. L. c. 267, § 5, which criminalizes the utterance of certain false,

_____

[8] We therefore need not pass on Postale's argument that Anthony's deed to the trust, apparently executed after the order to join him as a necessary party but well before trial, rendered the order to join him as a party moot. See note 4, supra. Plainly, the better approach would have been to inform the judge that Anthony's interest had been transferred and then to raise with the judge whether there was still a need to join Anthony.

forged, or altered records.  Postale never sought to do so.  It is thus irrelevant whether Postale had a private right of action under those laws.

6.  <u>Failure to meet burden of proof</u>.  Mitchell finally asserts that Postale failed to meet her burden of proof as to "each cause of action."  But, as to the validity of the October 2020 deed, Mitchell addresses only the claims based on undue influence and on Postale's lack of competence to execute the deed.  Mitchell does not mount any challenge to the judge's conclusion that the deed was also invalid because it was not formally acknowledged as required by G. L. c. 183, §§ 29-30.  Thus, even if we agree that Postale failed to meet her burden of proof on the undue influence and competence claims, the judgment that the deed was invalid would still stand.  Accordingly, we need not and do not address in any detail Mitchell's arguments on undue influence and competence.[9]

---

[9] We do note that Mitchell fails to argue, let alone demonstrate, that any of the judge's specific findings of fact on those issues were clearly erroneous.  What arguments she does make go merely to the weight of the evidence. Such is the case as to her claim that there was no direct evidence that Postale was incompetent on the precise day and at the precise time she signed the October 2020 deed, and her claim that the expert who testified as to Postale's lack of competence improperly relied on only "a few different subjective tests" and not on conclusive medical records.  Mitchell's "dissatisfaction with the judge's weighing of the evidence and [her] credibility determinations" furnishes "no basis for disturbing the judge's view of the evidence."  <u>Adoption of Quentin</u>, 424 Mass. 882, 886 n.3 (1997).

Mitchell also argues that Postale could not and did not prove the complaint's allegations that Mitchell engaged in conversion, fraud, or unjust enrichment. Mitchell's argument is vague, but we assume it is aimed at the provisions of the judgment requiring her to make certain payments or reimbursements to Postale. Yet the judge nowhere found that Mitchell had engaged in conversion or fraud.

To the extent that the judgment's provisions requiring payments were based on an implicit finding of unjust enrichment, many of those provisions, by their own terms, incorporate or are based on orders or contempt judgments entered before trial, yet Mitchell has not identified any factual or legal errors in any of those orders or judgments. Mitchell has not included in her record appendix any of the motions or evidentiary materials underlying those orders or judgments. As to those provisions of the final judgment requiring payments or reimbursements based on the evidence at trial, Mitchell's one-paragraph argument on unjust enrichment -- devoid of record citations or of specific claims of factual or legal error -- fails to persuade us that she is entitled to any relief.

7. _Issues raised in reply brief_. Mitchell's reply brief raises various issues that she did not raise in her principal brief and that we therefore need not resolve. See _Travenol_

10

Lab., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985).  We nevertheless address them summarily.  First, Mitchell's attacks on the conduct of opposing counsel are unsupported by citations to the record, unbecoming, and lacking in explanation of how they entitle Mitchell to relief.  Second, her complaints about the failure to docket or the late docketing of various filings in the trial court likewise do not explain why these difficulties entitle her to relief.  Third, her discussion of an amended complaint that Postale assertedly filed after trial is beside the point, as the motion to amend the complaint was never acted on, and we see no indication that the judge considered any amended complaint.  Finally, Mitchell's challenges to the judge's denial of a motion to recuse herself and to disqualify Postale's counsel are unsupported by record citations.

Mitchell's sweeping allegations of bias and fraud do nothing to advance her cause.[10]

Judgment affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[11]),

Clerk

Entered: October 24, 2025.

---

[10] Both parties' requests for appellate attorney's fees are denied.

[11] The panelists are listed in order of seniority.