NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1330

PATRICIA POSTALE

vs.

ROSE MITCHELL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal was paired for argument with Postale vs. Mitchell, Appeals Court No. 24-P-1331, which addresses the merits and underlying facts in dispute. This separate appeal focuses exclusively on whether it was proper for the Probate and Family Court judge to sanction defense counsel for failing to comply with Probate and Family Court Standing Order 2-99.[1] Counsel argues that the judge abused her discretion in a variety of ways. On the limited record with which we have been provided, we see no abuse of discretion, and we thus affirm the sanctions order.

_____

[1] We refer to counsel because the sanctions were ordered against him directly, rather than the defendant.

Background.  After judgment entered on the merits, the defendant made three posttrial motions: one for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 [b]), one for attorney's fees pursuant to G. L. c. 231, § 6F (§ 6F), and one to stay the judgment and subsequent proceedings pending appeal.  Counsel marked all three motions for hearing, despite the Standing Order 2-99(b)(1) prohibition on marking rule 60 (b) motions for hearing.  In response, the plaintiff moved for sanctions against counsel.

At a hearing on the motions, the judge denied the rule 60 (b) motion due to its noncompliance with Standing Order 2-99.  The judge then turned to the defendant's motion for attorney's fees, saying "well, that follows that motion, so I'm not --" before counsel interrupted to argue that the motion was separate from anything to do with the judgment.  The judge gave counsel an opportunity to withdraw the motion, but stated, "if you want to argue it, then I will rule on it."  Counsel then withdrew the motion.  The judge next addressed the motion for a stay pending appeal; each party had the opportunity to argue the motion on the merits before the judge ultimately denied it.

The judge then heard the plaintiff's motion for sanctions against counsel.  The plaintiff argued that counsel repeatedly failed to follow rules of procedure, such as not following "any of the requirements of 2-99," and asked for sanctions in the

2

amount of the attorney's fees necessary to respond to either the improperly marked rule 60 (b) motion or all three motions. In response, counsel acknowledged that he was "unaware of Standing Order 2-99" and "didn't read it," but argued that plaintiff's counsel had also failed to follow procedural rules throughout the case. The judge took the arguments under advisement and thereafter issued an order, granting the plaintiff's motions for sanctions in the amount of $1,160, an amount based on the plaintiff's affidavit detailing the costs of reviewing the rule 60 (b) motion and preparing the motion for sanctions. The defendant appealed.[2]

Discussion. Standing Order 2-99(d) states that "[f]ailure to comply with any and all of the provisions of this order may result in the [c]ourt's refusal to entertain the motion and/or the imposition of sanctions and/or costs against a party or his/her counsel." We review a judge's sanctions order for abuse of discretion. See, e.g., Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 417 (1998). Abuse of discretion is not established merely when the reviewing court would have made a different decision, but rather when the judge made a "clear

_____

[2] Although the notice of appeal designates the sanctions order and the order denying reconsideration thereof as the subjects of this appeal, counsel makes no separate argument regarding the reconsideration motion, so we do not discuss it further.

error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). <u>L.L.</u> v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).

As an initial matter, counsel errs in asserting that the judge stated that all three motions were improperly filed according to Standing Order 2-99. We see no support for this contention in the record. The transcript does not reflect that the judge mentioned the standing order when discussing either of the other two motions. The relevant portion of the order granting sanctions refers only to the rule 60 (b) motion, with the other motions addressed separately.

Because the judge ordered sanctions based only on the rule 60 (b) motion's noncompliance with Standing Order 2-99, we decline to address defense counsel's other arguments regarding the other motions. We also note that the merits of the judge's action on any of the three posttrial motions are not before us.[3]

Counsel concedes that his rule 60 (b) motion was marked for hearing in violation of Standing Order 2-99. He nonetheless argues now that this was a minor error and that the motion

---

[3] Counsel concedes that the motion for relief from judgment was improperly filed and that its denial was appropriate. The motion for attorney's fees was never decided by the judge because counsel withdrew it. The ruling on the motion to stay is not challenged.

4

complied with the standing order in at least some respects. Plaintiff's counsel argued in the hearing that the motion "did not follow any of the requirements of 2-99," and the judge's order does not specify whether particular sections of the standing order were violated or whether the motion was entirely noncompliant.

As counsel did not provide us the rule 60 (b) motion itself in his record appendix, we are unable to assess whether his noncompliance with standing order 2-99 was minimal or extensive.[4] Therefore, we cannot say that the judge abused her discretion when ordering sanctions for his noncompliance.

Counsel also argues that the sanctions were improper because plaintiff's counsel had similarly failed to follow rules of procedure but has not likewise been sanctioned. We are unable to assess these claims because the record appendix does

_____

[4] Mass. R. A. P. 18 (a) (1) (A) (v) (b), as appearing in 481 Mass. 1637 (2019), requires that a party's appendix include "any document, or portion thereof, filed in the case relating to an issue which is to be argued on appeal." This requirement is reiterated in Rule 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023), which states "Parties must include in the appendix all portions of the record that are relied upon in the brief or that relate to an issue on appeal." It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). Indeed, it seems worth noting that defense counsel made this error in an appeal challenging a sanction for failing to follow procedural rules.

not include any of the motions or orders pertaining to the plaintiff's conduct.  See note 4, supra.  Since we cannot compare the parties' conduct, we cannot conclude that it was an abuse of discretion to sanction defense counsel while not sanctioning the plaintiff or plaintiff's counsel.

Counsel next argues that there was no harm to the plaintiff warranting sanctions.  He argues that the judge sufficiently resolved his noncompliance with Standing Order 2-99 by denying the rule 60 (b) motion, and that she abused her discretion by also imposing sanctions.  Even assuming that the noncompliance was minimal, counsel cites no authority suggesting that sanctions to compensate the opposing party for the consequences of counsel's rule violation would be an abuse of discretion under Standing Order 2-99(d).  To the extent that the judge was, as counsel argues, "effectuating the lesser measures available to her" when denying the rule 60 (b) motion, we know of nothing that prohibits both such a denial and sanctions for noncompliance with the standing order.

Counsel also argues that the rule 60 (b) motion did not require plaintiff's counsel to do any additional work, and thus that the sanctions were improperly punitive rather than compensatory.  But the sanctions order cited plaintiff's counsel's affidavit as the basis for its valuation, yet defense counsel has not provided us with this affidavit.  Nor is there

6

anything else in the record appendix on this issue.  Therefore, we cannot say that the sanctions amount was an abuse of discretion.

Sanctions order affirmed.

Order denying motion for reconsideration of sanctions order affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[5]),

Clerk

Entered: October 24, 2025.

---

[5] The panelists are listed in order of seniority.

7