NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1256

IN THE MATTER OF KAZUKO BOUDREAU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Objectors Cheryl Boudreau and Thomas Arsenault have filed this pro se appeal from an order by a judge of the Probate and Family Court approving the payment of certain monies to a conservator for services rendered.  They filed an objection to the conservator's fee request, claiming that it was unnecessary, excessive, and bordered on fraudulent.  The judge approved the payment to the conservator in whole and this appeal followed. Because the record is inadequate to evaluate the merits of the objectors' appeal, we affirm the order allowing payment to the conservator.

In May of 2024, the conservator submitted a "statement of payment" for expenses in the amount of $8,575 for services rendered for the time period from June 2023 until April 2024. The objectors filed a written objection to the conservator's fee

petition asserting that the number of hours the conservator claimed to have worked were inflated and inaccurate. After a hearing, the judge allowed the conservator to be paid the entire amount.

On appeal, the objectors claim that the judge "did not hear pertinent information and opposition -- contained within the Affidavit of Opposition and further related verbal explanation and evidence." The objectors contend that in allowing full payment to the conservator, the judge ignored the evidence at the hearing and improperly reprimanded the objector's counsel for questioning the number of hours submitted by the conservator. Despite referencing statements made by the judge at the hearing for the payment of fees to the conservator, the objectors have not provided the court with a transcript of the hearing, nor have they provided arguments on appeal with supporting citations to the record or legal authority. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). While we recognize that the objectors are self-represented, they are nevertheless required to comply with the Massachusetts Rules of Appellate Procedure. Without an adequate record, we are unable to review the objectors' claim on appeal. See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). It "is a

2

fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal."  Id.

Order allowing payment to
  conservator affirmed.

By the Court (Meade, Neyman &
  Walsh, JJ.[1]),

*Paul Little*

Clerk

Entered:  October 27, 2025.

---

[1] The panelists are listed in order of seniority.