FRED DAVIS & others[1] *vs.* EDITH TABACHNICK & others.[2] July 3, 1997. *Practice, Civil,* Appeal, Record. *Supreme Judicial Court,* Superintendence of inferior courts.

A single justice of this court denied, without a hearing, a pro se petition for relief under G. L. c. 211, § 3. The petitioners' brief contains no citations to support their factual allegations, as required by Mass. R. A. P. 16 (a) (3), 365 Mass. 860 (1974), and Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979), and their allegations of error by the Bristol Division of the Probate and Family Court are not supported by the record appendix submitted to this court. Moreover, their appendix does not contain a transcript or tape recording of the Probate Court proceedings; the relevant Probate Court docket entries; or any pertinent pleadings, motions, judgment, order, or decision of the Probate Court (other than the unsubstantiated summaries asserted in the plaintiffs' brief) that is at issue. Although the plaintiffs have been acting pro se, they are held to the same standards as litigants who are represented by counsel. See *Solimine* v. *Davidian,* 422 Mass. 1002 (1996); *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't,* 417 Mass. 183, 184 (1994). Accordingly, we shall not address the merits of the plaintiffs' claims because there is nothing in the record before us that indicates that those claims were adequately raised and preserved in the Probate Court proceedings. *E.H.S.* v. *K.E.S.,* 424 Mass. 1011, 1011-1012 (1997).

Furthermore, the single justice correctly denied the petition because the plaintiffs have or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief. See *Martineau* v. *Department of Correction,* 423 Mass. 1007 (1996); *Adams* v. *Cumberland Farms, Inc.,* 420 Mass. 807 (1995). The plaintiffs could have filed a motion in the Probate Court to compel the register of that court to accept for filing their notice of appeal and to process that appeal. See *Morales* v. *Commonwealth,* 424 Mass. 1010 (1997); *Callahan* v. *Commonwealth,* 416 Mass. 1010 (1994); *Burnham* v. *Clerk of the First Dist. Court of Essex,* 352 Mass. 466, 467-468 (1967). In these cases, we have stated that a clerk should not refuse to docket a notice of appeal unless ordered to refuse by a judge. Logic dictates that such orders should be in writing. We have also determined that under Rule 201 (3) of the Supplemental Rules of the Probate Court, "parties aggrieved by a denial of a request for a recording or a delay in the processing may refer the matter to the Chief Justice of the Probate and Family Court." *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). Nevertheless, the plaintiffs' claim that the judge ordered the register not to accept a notice of appeal or any other pleading is not supported by proof in the record and cannot be considered by this court. The single justice correctly denied the petition, without a hearing, for relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Fred Davis & Gertrude Davis,* pro se.

*Joseph S. Provanzano (Paul M. Derby* with him) for Edith Tabachnick.

---

[1]Gertrude Davis Gorod and the estate of David Miller.

[2]The Appeals Court and the Bristol Division of the Probate and Family Court Department.