# RESCRIPT OPINIONS.

VERNON S. KELLOGG *vs.* BOARD OF REGISTRATION IN MEDICINE. December 6, 2011. *Board of Registration in Medicine. Doctor,* License to practice medicine. *Administrative Law,* Proceedings before agency. *Rules of Appellate Procedure.*

Vernon S. Kellogg seeks review of a memorandum and judgment of a single justice of this court affirming a decision and order of the Board of Registration in Medicine (board) that revoked Kellogg's license to practice medicine. We affirm.

*Background.* Kellogg has been licensed to practice medicine in Massachusetts since 1975. On October 3, 2007, the board issued a statement of allegations against Kellogg accusing him of improperly dispensing a controlled substance in violation of G. L. c. 94C; practicing medicine without professional malpractice liability insurance; engaging in conduct that has the capacity to deceive or defraud; and violating various board regulations. On the same day, the board issued an order temporarily suspending Kellogg's license to practice medicine pending the outcome of a hearing on the merits of the allegations. Kellogg, then represented by counsel, did not challenge the temporary suspension.

An administrative magistrate of the division of administrative law appeals held an adjudicatory hearing on the statement of allegations on May 26, and 27, 2009. Kellogg appeared pro se.[1] The magistrate's recommended decision, issued on February 5, 2010, concluded that Kellogg had "violated essential and clear rules and regulations" governing licensed physicians, and that Kellogg's conduct constituted gross misconduct and gross negligence in the practice of medicine. The board adopted the magistrate's decision and revoked Kellogg's medical license. In August, 2010, Kellogg sought judicial review of the board's decision in the county court pursuant to G. L. c. 112, § 64. The single justice affirmed the decision.

The findings of fact in the magistrate's recommended decision, adopted by the board, include the following. Beginning in October, 2004, Kellogg failed to maintain medical malpractice insurance, as required by 243 Code Mass. Regs. § 2.07(16) (1994), and failed to notify the board that he no longer carried malpractice insurance. Instead, he falsified his expired malpractice insurance certificate to show that he had renewed the policy that expired in September, 2004, for the coverage years 2004-2005, 2005-2006, and 2006-2007, when he had in fact not done so. In addition to lying about his malpractice insurance, Kellogg failed to comply with State and Federal regulations on the prescription of controlled substances to the patients he saw at a free clinic that

---

[1] Kellogg continued thereafter to represent himself, including in his appeals from the decision of the Board of Registration in Medicine (board) to revoke his medical license.

he operated out of his home. Among other improper procedures, Kellogg did not provide written prescriptions to his patients, instead dispensing medication directly to them. See G. L. c. 94C, § 17. Further, although Kellogg maintained logs of the medication dispensed to his home clinic patients, the logs as produced to the board did not contain any information identifying the patients to whom Kellogg dispensed controlled substances. See G. L. c. 94C, § 9. Finally, and notwithstanding a subpoena, Kellogg refused to provide the board with his patients' medical records. See 243 Code Mass. Regs. § 1.03(5)(16) (1994).

*Discussion.* As a preliminary matter, we note that Kellogg's submissions contain a troubling description of the circumstances attendant to the October 3, 2007, hearing. Kellogg states that he was told to come to the board's offices on October 3 for a simple meeting. Instead, he states that upon arrival he was frisked, placed in a small, guarded room, told that he was not free to leave, and given numerous papers to read in the brief period of time preceding the hearing that he was informed would soon commence. He states that he was then sent into a makeshift hearing, immediately after which he was informed that his medical license had been temporarily suspended. Because Kellogg, through counsel, chose not to contest the temporary suspension order, there is no record that would permit review of the accuracy of these assertions.[2] Moreover, Kellogg has not shown that the board's conduct in issuing its temporary suspension order prejudiced his "substantial rights" with regard to the order before us, that is, the final suspension of his medical license. See G. L. c. 30A, § 14 (7). Nevertheless, if accurate, the described conduct would suggest at the least a marked and concerning absence of professional courtesy on the part of the board.

We turn now to Kellogg's challenge to the board's final order. "[A] person whose license to practice medicine has been revoked may petition [this] court to 'enter a decree revising or reversing the decision of the board' . . . . The court may modify or set aside the board's final decision only if the petitioner demonstrates that the decision was legally erroneous, procedurally defective, unsupported by substantial evidence, or arbitrary or capricious, or contained one or more of the three other enumerated defects not at issue here." *Weinberg* v. *Board of Registration in Med.*, 443 Mass. 679, 685 (2005), quoting G. L. c. 112, § 64. *Fisch* v. *Board of Registration in Med.*, 437 Mass. 128, 131 (2002). See G. L. c. 30A, § 14 (7); G. L. c. 112, § 64.

Kellogg does not argue before us that the order revoking his license is based on findings unsupported by substantial evidence or imposes an inappropriate sanction for the violations found. Rather, he asserts that various aspects of the board's proceedings violated his Federal and State constitutional rights. He asserts further that the requirement that he obtain malpractice insurance violates the contracts clause of art. I, § 10, of the United States Constitution, and that the board's regulatory authority violates the principle of the separation of powers articulated in art. 30 of the Massachusetts Declaration of Rights.

Having reviewed the single justice's thorough memorandum and judgment in which he addressed each of Kellogg's claims of error, we are satisfied that there is nothing that warrants further consideration.

---

[2]At oral argument before the full court, the board neither accepted nor denied Kellogg's account.

Further, Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), requires that briefs submitted to this court "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." The rule further provides that the court "need not pass upon questions or issues not argued in the brief." Briefs that limit themselves to "bald assertions of error" that "lack[] legal argument . . . [do not] rise[] to the level of appellate argument" required by rule 16. See *Zora* v. *State Ethics Comm'n*, 415 Mass. 640, 642 n.3 (1993), and cases cited. Here, Kellogg failed to support his claims of error with sufficient legal argument or factual detail, and fails to cite to sufficient supporting authority.[3] As both a legal and a practical matter, Kellogg's submissions provide an insufficient basis for this court reasonably to consider his claims.

*Judgment affirmed.*

*Vernon S. Kellogg*, pro se.

*Suleyken D. Walker*, Assistant Attorney General, for the defendant.

---

[3]For example, while Kellogg asserts that the board violated his rights under art. 12 of the Massachusetts Declaration of Rights, he did not provide a record appendix illustrating the procedure followed by the board, and he did not explain which actions of the board violated which of his enumerated rights.