Jill Mann (mother) appeals from a judgment nisi that, among other things, awarded sole legal and physical custody of the minor child to Peter Mann (father) and made certain child and spousal support orders. The mother makes several arguments claiming that the judge committed an abuse of discretion or an error of law in ordering the judgment. We affirm.
The mother has failed to provide this court with an adequate record appendix to support her claims. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997).[2] She neither ordered nor supplied this court a copy of the trial transcript, and her appendix lacks many record materials that are essential to her appellate claims. Although these matters were brought to her attention, she continued to decline to order a transcript, and a single justice of this court denied what amounted to a motion for leave to proceed without a written transcript.
Accordingly, we are unable to review the merits of the mother's arguments that the Probate and Family Court judge erroneously made, or failed to make, various discovery and other pretrial rulings; made various erroneous evidentiary rulings during trial; and entered clearly erroneous or otherwise unsupported factual findings. See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997). See also Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-374 (1991), S.C., 411 Mass. 807, 811-812 (1992).
We have independently reviewed the record materials that are before us and have considered the mother's remaining arguments. The judge's conclusion, awarding both legal and physical custody of the minor child to the father as in the child's best interests, is fully supported by the judge's factual findings. Further, we recognize that such award was well within the judge's discretion. See Murphy v. Murphy, 82 Mass. App. Ct. 186, 193-194 (2012). Therefore, there was no error.
We allow the mother's motion to strike the father's supplemental appendix, the father having failed to seek leave before filing those supplemental materials and the mother having objected. We exercise our discretion to deny the father's request for appellate attorney's fees and costs. See Symmons v. O'Keeffe, 419 Mass. 288, 303 (1995).
Judgment affirmed.

The mother's self-represented status does not relieve her of that burden. Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997).