The defendant, Robbin McGrievey, has appealed from a summary process judgment of the Housing Court concerning an eviction from a manufactured housing community. The defendant's brief consists of a single typewritten page that appears to challenge service of the notice to quit or the summons for the summary process action, or both. The record appendix consists only of a two-page excerpt from a guide published by the Office of the Attorney General and one page from the transcript of the trial.
The inadequacies of the defendant's brief and record appendix preclude our substantive review. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (briefs "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"; "appellate court need not pass upon questions or issues not argued in the brief"); Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997) (court refused to address merits of claims where record appendix did not contain necessary materials; parties appearing pro se held to same standards as litigants represented by counsel); Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (brief failed to support claims of error with sufficient legal argument, factual detail, or citation to authority, providing "an insufficient basis for this court reasonably to consider [the appellant's] claims"). In addition, as it appears from the transcript excerpt included in the record appendix that the defendant was present at the trial and participated in the proceedings, there is no showing of any prejudice flowing from any alleged inadequacy of service or notice.
Judgment affirmed.