The defendant, John Katranis, appeals from an order entered by a judge of the Housing Court. The judge ordered the court-appointed receiver to distribute funds held in escrow equally between the defendant and a third party after receiving so-called position statements from each of the parties. No affidavits were filed, nor was there an evidentiary hearing.[3]
The defendant's brief does not set forth any citations to the record in support of his argument that the judge abused her discretion in entering the order.[4] The appendix consists of the docket, the order, and other documents, none of which provide us with any indication of the factual basis that the judge used to support her order.
The inadequacies of the defendant's brief and appendix preclude our substantive review. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (briefs "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); Davis v. Tabachnick, 425 Mass. 1010 (1997) (court refused to address merits of claims where appendix did not contain necessary record materials); Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (failure to support claims of error with sufficient legal argument, factual detail, or citation to authority; appellant's submissions provided "an insufficient basis for this court reasonably to consider [the appellant's] claims").
Order entered December 12, 2016, affirmed.

The manner in which counsel chose to proceed in the Housing Court precluded the judge from entering findings of fact. Counsel could have filed affidavits or asked for a brief evidentiary hearing in order to create a record which would be reviewable.

The third party did not file an appearance or a brief.