Background. This case has a lengthy history which began when the plaintiff, Ralph Cordopatri, filed a Superior Court complaint seeking a temporary restraining order to prevent the foreclosure sale of his home.[2] Following a hearing on the plaintiff's motion, a judge of the Superior Court denied it. On the same day, the plaintiff filed a motion for a stay, which was denied by a single justice of this court. He never appealed the judgment.
Nearly two years later, on June 4, 2015, the plaintiff filed in the Superior Court a motion to vacate the judgment and to reopen the case. On June 9, 2015, the motion was denied on the ground that it failed to set forth specific facts that would justify vacating the judgment. On September 18, 2015, the plaintiff filed a motion for reconsideration, which was denied for failure to comply with Superior Court Rule 9A. On February 23, 2016, the plaintiff filed another motion for reconsideration and motion to vacate judgment, which was denied on July 25, 2016. This appeal followed, filed solely regarding the latter ruling.
Discussion. The inadequacies of the plaintiff's brief preclude our substantive review. "Although the plaintiff[ ] [has] been acting pro se, [he is] held to the same standards as litigants who are represented by counsel." Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997). The plaintiff's brief does not cite to any case law, statutes, or other legal authority. In addition, referencing a case and a statute in a reply brief "does not satisfy the appellate standard for presenting an appeal required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975)." Commonwealth v. Ortiz, 53 Mass. App. Ct. 168, 178 n.13 (2001).
Even assuming that the plaintiff's brief rises to the level of appropriate appellate argument, his claims are without merit. Here, the motion judge found that (1) the plaintiff's claims were untimely under Mass.R.Civ.P. 60(b)(2) and 60(b)(3), 365 Mass. 828 (1974); (2) rule 60(b)(4) was inapplicable because the prior ruling was not, inter alia, void for lack of jurisdiction; (3) relief under rule 60(b)(6) is not triggered as the plaintiff did not set forth any new arguments or rationales; and (4) even without rule 60, the Housing Court judgment barred the plaintiff's claims of fraud under the theory of res judicata. We will not disturb the judge's findings as a "motion brought under rule 60(b) is addressed to the discretion of the judge ... and will not be reversed on appeal save for abuse." Bird v. Ross, 393 Mass. 789, 791 (1985) (quotations omitted). Here, there was no such abuse.
Order denying motion for reconsideration and motion to vacate judgment affirmed.

The plaintiff has challenged the foreclosure on his home in multiple forums. On August 9, 2013, he filed a petition under Chapter 13 of the United States Bankruptcy Code, which was dismissed for "failure to make plan payments." He filed another petition under Chapter 13 of the United States Bankruptcy Code on March 17, 2014, which was dismissed on May 20, 2014. The plaintiff also filed two "Adversary Proceedings" against the defendant and the Federal National Mortgage Association (Fannie Mae); both proceedings were closed, one for lack of jurisdiction. In the midst of the second bankruptcy petition, Fannie Mae filed a summary process in the Housing Court to enforce its ownership rights and to evict the plaintiff from the property. After a one-day trial, judgment entered in favor of Fannie Mae.