In 2015, a mandated reporter, see G. L. c. 119, § 21, submitted a report to the Department of Children and Families (department) expressing concern that the mother was neglecting the child's medical, physical, and educational needs. See G. L. c. 119, § 51A. The department investigated and supported the charge. See G. L. c. 119, § 51B. The mother appealed the department's decision and a fair hearing was scheduled. On the date set for hearing, the mother requested that the matter proceed only on written submissions. See 110 Code Mass. Regs. § 10.18 (2014). The mother's request was granted and she submitted five exhibits, her written argument, and certain other materials. The department submitted its § 51A intake and § 51B investigative reports. After considering the parties' submissions, a hearing officer concluded that there existed a reasonable basis to support the charge. The mother sought judicial review in the Superior Court pursuant to G. L. c. 30, § 14(7) ; a Superior Court judge denied the mother's motion for judgment on the pleadings and dismissed her complaint, and judgment entered for the department. We affirm.
The mother's conclusory brief does not contain a reasonably comprehensible legal argument and sets forth little factual detail. She does not cite to pertinent supporting record or legal authority. As both a legal and practical matter, therefore, we are unable to consider the mother's claims. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, and to the extent we are able to discern the mother's claims, those claims lack merit.
The department may consider and rely on hearsay provided the hearsay has sufficient "indicia of reliability." Covell v. Department of Social Servs., 439 Mass. 766, 786 (2003), quoting from Embers of Salisbury, Inc. v. Alcoholic Bevs. Control Commn., 401 Mass. 526, 530 (1988). While the § 51A and § 51B reports from the department contain, in part, hearsay, that hearsay nonetheless bears such indicia, specifically the detailed, exhaustive reports provided by professional, specially-trained persons. The reports detail both the authors' direct observations and the content of their communications with identified persons. "[R]easonable persons are accustomed to rely" on such materials "in the conduct of serious affairs," G. L. c. 30A, § 11(2), inserted by St. 1954, c. 681, § 1, and the department properly could rely on these reports. Compare Brantley v. Hampden Div. of the Probate & Family Ct. Dept., 457 Mass. 172, 185 (2010) ("admissibility of case work documents and court investigator reports prepared by department staff in the course of their work is no longer seriously in question" [quotation omitted] ).[2]
"Our task on appeal is to determine whether there was substantial evidence to support [the hearing officer's] decision that there was reasonable cause to believe [the mother] was responsible for neglect." B.K. v. Department of Children & Families, 79 Mass. App. Ct. 777, 780 (2011). See Lindsay v. Department of Social Servs., 439 Mass. 789, 797 (2003). " 'Substantial evidence' means such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1(6), inserted by St. 1954, c. 681, § 1. "Neglect is defined, in pertinent part, as the 'failure by a caretaker, either deliberately or through negligence or inability, to take those actions necessary to provide a child with minimally adequate ... [medical care, ...] emotional stability and growth.' " B.K., 79 Mass. App. Ct. at 779-780, quoting from 110 Code Mass. Regs. § 2.00 (1996).
As discussed in some detail in the department's brief at pages 29-32, the evidence in this record, taking into account the mother's claims and such other matters as fairly detract from the supporting evidence, Cobble v. Commissioner of the Dept. of Social Servs., 430 Mass. 385, 390 (1999), "easily meets that test." Lindsay, 439 Mass. at 798.
Judgment affirmed.

We also note, as the department observes, that the mother had full access to these materials and at no time objected to their introduction, sought to interview or depose the report authors or their communicants, or otherwise at any time complained that she did not have a full and fair opportunity for cross-examination. We need not consider the matter further.