In 2011, a Superior Court jury convicted the defendant of thirteen counts of larceny, thirteen counts of uttering, and nine counts of attempted larceny. The convictions were affirmed on direct appeal. Commonwealth v. Carrington (No. 2), 84 Mass. App. Ct. 1121 (2013). The defendant filed multiple motions for a new trial, all of which were denied. Before us now is the defendant's appeal from the order denying his fifth motion for new trial, which claimed that trial counsel was unprepared and provided ineffective assistance to the defendant at trial. The defendant's appellate brief, however, does not address that issue.[2] We "need not pass upon questions or issues not argued in the brief." Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (court need not consider claims of error unsupported by sufficient legal argument). Because the defendant has not argued the issue he raised on appeal, he has failed to establish "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997).
Order entered March 21, 2016, denying motion for new trial affirmed.

The defendant's brief challenges the search of his residence. In particular, he claims that he was improperly denied his right to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). This claim is not before us because the defendant did not appeal from the denial of his postconviction "Franks Motion." Moreover, for the reasons set forth on pages fourteen through eighteen of the Commonwealth's brief, we discern no error in the judge's denial of the defendant's "Franks Motion."