The defendant Ron Deluca has appealed from a summary process judgment granting possession to the plaintiff landlord. Despite the allowance of numerous extensions to bring his brief in conformity with the appellate rules, the defendant's submission is so inadequate that it prevents our meaningful review of this appeal.
We have reviewed the trial court judge's findings, rulings, and order for judgment contained in the addendum to the plaintiff's brief. The judge found the defendant was evicted for failing to disclose, as required by the plaintiff's rental application, that he had previously been convicted of a sex offense. The defendant admitted that his answer on the application was incorrect or false, but claimed that he was told to provide the false information by an employee of the plaintiff. The judge found the testimony concerning the defendant's claim not credible.
Although the defendant's brief has no formal argument section, his statement of the facts indicates that he disagrees with the trial judge's factual findings and credibility assessments. We are unable to review his claims of error, however, as the defendant's submission to this court does not contain a record appendix. Consequently, we are unable to determine whether any claims of error "were adequately raised and preserved" at trial, see Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997) (court declined to address merits of claims where record appendix did not contain necessary materials), nor can we assess any argument concerning the inadequacy of the judge's findings or the weight or sufficiency of the evidence. See Buddy's, Inc. v. Saugus, 62 Mass. App. Ct. 256, 264 (2004) (lack of transcript of trial precluded review of judge's decision which was based on evidence at trial).
Finally, as noted, the brief does not contain a substantive argument section, does not contain citation to any legal authority, and consequently does not rise to the level of appellate argument as required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (briefs "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to authorities, statutes and parts of the record relied on"; "court need not pass upon questions or issues not argued in the brief"). See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (failure to support claims of error with sufficient legal argument, factual detail, or citation to authority; appellant's submissions provided "an insufficient basis for [the] court reasonably to consider [the appellant's] claims"). That the defendant is proceeding pro se does not alter the result. See Davis v. Tabachnick, supra.
As the defendant has provided this court with no record appendix of the proceedings below and no argument compliant with Mass.R.A.P. 16(a)(4), he has waived any issue he might have had on appeal. The judgment is, accordingly, affirmed. The plaintiff's request for fees is denied.
Judgment affirmed.