NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-451

GEORGE MACKIE

vs.

BRUCE PATZNER[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following an outbreak of scabies, a contagious skin condition, at the Massachusetts Treatment Center at Bridgewater (Treatment Center), the Department of Correction (DOC) took several protective measures that included quarantining, isolating, and inoculating inmates.  The plaintiff, George Mackie, an individual civilly committed under G. L. c. 123A, filed a complaint in the Superior Court against the DOC and others claiming that these measures violated State and Federal law.  On the defendants' motion, a Superior Court judge dismissed the plaintiff's complaint for failing to exhaust

---

[1] As is our custom, we take the defendant's name from the underlying complaint.

[2] Anthony Janicki and David Duarte.

available administrative remedies pursuant to G. L. c. 127, § 38F.  We affirm.

Background.  We accept as true the facts alleged in the complaint and draw any reasonable inferences in favor of the plaintiff.  See Flagg v. AliMed, Inc., 466 Mass. 23, 26 (2013).  According to the complaint, in March of 2021, Block C2 inmates at the Treatment Center experienced a scabies outbreak.  Facility officials, David Duarte and Anthony Janicki, responded by placing inmates, including the plaintiff, in isolation for three days and instructing inmates to pack all "porous property" into soft lockers, which were then wrapped in plastic.  The facility physician, Dr. Bruce Patzner, prescribed Ivermectin to the inmates without seeing them and without warning them of potential side effects.  The plaintiff took Ivermectin under threat of being quarantined in the Restricted Housing Unit (RHU), known as "The Hole."  The complaint alleged that Ivermectin is not approved by the Food and Drug Administration to treat scabies.  For the first three days of isolation, the plaintiff and other inmates remained confined to their cells for twenty-four hours per day.  The next week, a quarantine prohibited Block C2 inmates from interacting with inmates from other cell blocks.  During the quarantine, Janicki, responsible for cell assignments, placed a symptomatic resident in a cell with the plaintiff, who was not infected.

The plaintiff filed a complaint in the Superior Court alleging six claims:  (1) medical malpractice, (2) violation of art. 10 of the Massachusetts Declaration of Rights, (3) violation of the Eighth Amendment, (4) mental cruelty and mental anguish, (5) violation of the Fourth and Fourteenth Amendments, and (6) violation of G. L. c. 12, § 11I.  The Superior Court judge dismissed the complaint for failure to exhaust administrative remedies pursuant to G. L. c. 127, § 38F.

Discussion.  In 1999, the Legislature authorized the Commissioner of Correction to establish a "grievance system" for administrative review of inmate complaints.  See St. 1999, c. 127, § 133 (codified at G. L. c. 127, §§ 38E-38H).  The grievance system specifically includes inmates "in the custody" of the Treatment Center, G. L. c. 127, § 38E (a), and the Commissioner of Correction has established a comprehensive grievance system as set forth in 103 Code Mass. Regs. §§ 491.01-491.27 (2017).  Civil actions by inmates face a significant hurdle because "[a]n inmate shall not file any claim that may be the subject of a grievance under section 38E unless the inmate has exhausted the administrative remedy" that has been made available.  G. L. c. 127, § 38F.  The Superior Court judge concluded that the plaintiff did not clear this hurdle.  We review this conclusion de novo.  See Flagg, 466 Mass. at 26.

3

Given the clear legislative mandate, we agree with the Superior Court judge's conclusion that the plaintiff's claims must be dismissed.  "Before proceeding in court, the record must affirmatively demonstrate that the plaintiff inmate has pursued to final resolution any available administrative remedy or procedure that might redress his claim or issue."  Ryan v. Pepe, 65 Mass. App. Ct. 833, 834-835 (2006).  The record here does not show the plaintiff exhausted the available administrative remedy as required by G. L. c. 127, § 38F.  Therefore, the Superior Court properly dismissed his complaint.

On appeal, the defendant contends that the grievance system contemplated by G. L. c. 127, §§ 38E and 38F, is "limited to those serving criminal sentences" and does not include persons such as the plaintiff who have been committed as sexually dangerous persons.  We disagree.  The language of the governing statute makes clear that the grievance system is available to Treatment Center inmates:  "The commissioner shall promulgate regulations to establish a fair, impartial, speedy and effective system for the resolution of grievances filed against the department, its officers or employees, by inmates who are committed to, held by or in the custody of the department in a state, county, or federal correctional facility, or the Massachusetts treatment center."  G. L. c. 127, § 38E.  See also 103 Code Mass. Regs. § 491.01 (2017) ("It is the policy of the

4

Department of Correction (Department) that every individual committed to its custody shall have access to an internal grievance mechanism that provides a forum for the fair and impartial resolution of legitimate inmate complaints"). Because the grievance system was available to the plaintiff, and the record does not show an exhaustion of this administrative remedy, the Superior Court judge properly dismissed the complaint.

Finally, the plaintiff makes a passing reference to the Prisoners Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. He contends, without elaboration, that the PLRA does not extend to civilly committed inmates. Such a bare reference to this statute does not rise to the level of appellate argument and provides "an insufficient basis for this court reasonably to consider" a claim for relief. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011); Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019).

Judgment affirmed.

By the Court (Vuono, Hand & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: August 22, 2023.

---

[3] The panelists are listed in order of seniority.