NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1208
22-P-1209

GEORGE SIMOLARIS

vs.

TIMOTHY PIWOWAR (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, George Simolaris, a former member of the town of Billerica (town) board of selectmen and a current town meeting member, appeals from the entry of summary judgment in favor of the town's superintendent of schools, Timothy Piwowar, on the plaintiff's defamation claim (first matter).  In a separate matter, the plaintiff appeals from the entry of summary judgment in favor of the town manager, John Curran, on a similar claim of defamation in connection with a special election (second matter).  We affirm both judgments.

Discussion.  As the appellant, the plaintiff was obligated under Mass. R. A. P. 18 (a) (1), as appearing in 481 Mass. 1637 (2019), to prepare and file an appendix with a table of contents

_____

[1] George Simolaris vs. John Curran.

that included, among other things, "any parts of the record relied upon in the brief [and] any document, or portion thereof, filed in the case relating to an issue which is to be argued on appeal." This "fundamental and long-standing rule of appellate civil practice," Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 373 (1991), S.C., 411 Mass. 807 (1992), applies equally to parties who, like the plaintiff, represent themselves, see Davis v. Tabachnick, 425 Mass. 1010, 1010, cert. denied, 522 U.S. 982 (1997). Here, in both matters the plaintiff did not file an appendix but instead relies on an addendum that does not include the exhibits to the joint statement of facts, the defendant's summary judgment motion, or the defendant's reply brief. The failure to file an appendix hinders our ability to review the summary judgment decisions, and we may affirm the Superior Court judgments on this basis alone. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). See also Kiribati Seafood Co. v. Dechert LLP, 478 Mass. 111, 116 (2017) (review of summary judgment decision generally de novo "because we examine the same record and decide the same questions of law").

In any event, the record before us, viewed in the light most favorable to the plaintiff, supports the grant of summary judgment in both matters. See, e.g., Metcalf v. BSC Group, Inc., 492 Mass. 676, 681 (2023).

1. <u>First matter</u>.  In the first matter, the plaintiff's defamation claim centers around two letters sent by Piwowar via e-mail message to members of the community on February 13, 2015, and November 27, 2017.

a.  <u>February 2015 letter</u>.  The February 2015 letter concerned the town's plan to construct a new high school and addressed a video created by the plaintiff about the issue.  The video featured the plaintiff, who was then a member of the town's board of selectmen, conducting a walking tour and providing commentary on the existing high school site and a proposed site to relocate the high school.  Piwowar, the town's superintendent of schools, addressed the video in the "Importance of Factual Information" section of the February 2015 letter.  Piwowar explained that the plaintiff "is entitled to his opinions, but a number of his statements that he made as 'facts' in his video were inaccurate."  Piwowar asserted that the plaintiff agreed to remove portions of the video that were inaccurate, but then failed to do so.  The plaintiff asserts that statement is false.  Piwowar also attached to the letter a transcript of the plaintiff's video annotated with Piwowar's "factual rebuttals" to its contents.

As the judge properly determined, any claim related to the February 2015 letter was time barred under G. L. c. 260, § 4, because the plaintiff brought this action in November 2019, more

than three years after the letter was published.  See <u>Wolsfelt</u>

v. <u>Gloucester Times</u>, 98 Mass. App. Ct. 321, 324 (2020) (cause of

action accrues for defamation claim when statement published to

third party).

b.  <u>November 2017 letter</u>.  The November 2017 letter

concerned an upcoming special town election to rescind a budget

amendment article ("article 10").  The plaintiff, still a member

of the board of selectmen, successfully campaigned for the

special election.  In the letter, Piwowar wrote,

> "Back in February 2015, <u>I wrote in a similar manner to the
> community about the high school project</u>, and entitled one
> of the sections, 'Importance of Factual Information'.
> Within that section, I wrote that 'if misinformation is
> spread in the community, it should be addressed as soon as
> possible[.]'  Please allow this memo to serve a similar
> purpose as it relates to the December 2 election."

The letter then provided information about article 10.

To the extent that the plaintiff argues Piwowar may be

liable for defaming him in the February 2015 letter by virtue of

referencing it in the November 2017 letter, this argument is

waived because it was not raised before the Superior Court.  See

<u>Weiler</u> v. <u>PortfolioScope, Inc</u>., 469 Mass. 75, 86 (2014)

(argument raised for first time on appeal waived).

Even if we were to reach the merits, the argument still

fails.  Under the single publication rule, "aggregate

communication [is treated] as one publication that gives rise to

one and only one cause of action [that accrues] from the point

4

at which the original dissemination occurred." Wolsfelt, 98 Mass. App. Ct. at 325.[2] An exception exists in that "[a]ny future republication of the [alleged] false statements . . . could form the basis for a new cause of action against the republisher." Id. at 329, quoting Flynn v. Associated Press, 401 Mass. 776, 780 n.5 (1988). That exception does not apply here because the mere reference to the February 2015 letter does not constitute a republication. See In re Philadelphia Newspapers, LLC, 690 F.3d 161, 175 (3d Cir. 2012), cert. dismissed, 568 U.S. 1151 (2013), cited by Wolsfelt, 98 Mass. App. Ct. at 329 n.12 (hyperlink and reference to defamatory material not within republication exception).

The judge also correctly concluded that any claim based on the contents of the November 2017 letter fails. The plaintiff has failed to point to any "false statement regarding the plaintiff" in the November 2017 letter. Flagg v. AliMed, Inc., 466 Mass. 23, 37 (2013). To the extent he asserts that the reference to "misinformation" and the February 2015 letter was clearly regarding him, as he was "the public face of the

---

[2] The plaintiff seemingly argues that the information in the February 2015 letter was repeated by third parties, including by his political opponents and others on social media and in newspapers. That other people (not named as parties in this action) repeated the information may be relevant to the issue of damages, but it does not allow the plaintiff to circumvent the single publication rule with respect to this defendant.

opposition to [a]rticle 10," the plaintiff is not named in the November 2017 letter, nor is his role in campaigning for the special election mentioned. Moreover, the statements that the plaintiff points to as false in his appellate brief concern article 10, not the plaintiff.[3] When read in context, the references to the earlier letter demonstrate only Piwowar's purpose in reaching out -- to address misinformation in the community and to present the school committee's position on article 10. For these reasons, we do not disturb the judge's decision that Piwowar was entitled to summary judgment.[4,5]

---

[3] The plaintiff argues, inter alia, that the following statements in the November 2017 letter were false: (1) the town would fall into deficit spending; (2) the town would have to pay higher bond rates; and (3) "the ambiguous field plan and the start of an entirely new town department was not abnormal when placed and embedded in [a]rticle 10."

[4] We also agree with the judge that no evidence suggests that the November 2017 e-mail message was sent with actual malice. See Lane v. MPG Newspapers, 438 Mass. 476, 476, 479 (2003) (elected officials are "public officials" who must prove actual malice to sustain defamation claim). See also Rotkiewicz v. Sadowsky, 431 Mass. 748, 755 (2000) ("actual malice means that the defamatory falsehood was published with knowledge that it was false or reckless disregard of whether it was false" [quotation and citation omitted]).

[5] The plaintiff argues that his claim is supported by a letter from the Office of Campaign and Political Finance to Piwowar concluding that Piwowar's "distribution of [the November 2017] e-mail using public resources [i.e., the town e-mail list and server,] did not comply with the campaign finance law." The office closed the matter, noting that Piwowar used limited resources and promptly acknowledged his error. As the judge correctly explained, whether Piwowar violated campaign finance law is beyond the scope of the plaintiff's complaint for defamation.

2. Second matter. In the second matter, the plaintiff claimed that the town manager, Curran, defamed him in connection with the special election to rescind article 10. In an article published in the Lowell Sun newspaper, Curran was quoted as stating that the plaintiff was "yet again spreading lies" and "making up stories about the whole thing." The plaintiff argues, inter alia, that Curran's comments constitute defamation because they made him "appear as an unfit dishonest public official and citizen," damaged his reputation, and caused him to lose his seat as a member of the board of selectmen.

The plaintiff's claim in the second matter suffers from similar shortcomings as the claim in the first matter. First, the plaintiff failed to file a record appendix in accordance with Mass. R. A. P. 18 (a) (1). Second, Curran's statements, viewed in context, constitute nonactionable statements of opinion and rhetoric. See Howell v. Enterprise Publ. Co., 455 Mass. 641, 672 (2010). Finally, even assuming, arguendo, that Curran's statements were false, there is no evidence in the summary judgment record that demonstrates that the statements were made with actual malice. See note 4, supra. See also Lane, 438 Mass. at 479 (public official must prove actual malice to sustain defamation claim based on criticism relating to

official conduct).  For these reasons, the judgments in both matters must be affirmed.

<u>So ordered</u>.

By the Court (Milkey,
  Massing & Neyman, JJ.[6]),

*Anne M. Thomas*

Assistant Clerk

Entered:  March 7, 2024.

---

[6] The panelists are listed in order of seniority.