NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-609

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527089

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judge's decision affirming the Sex Offender Registry Board's (board) classification of Doe as a level 3 sex offender. Doe argues that the hearing examiner did not adequately explain why his risk of reoffense and degree of dangerousness warrant a level 3 classification. We affirm.

In July 2019 Doe, then twenty-six years old, pleaded guilty to two counts of rape and abuse of a child and two counts of indecent assault and battery on a child under the age of fourteen. The convictions stemmed from multiple acts of sexual abuse that Doe committed against two prepubescent girls in the foster care of Doe's mother. When the victims began exhibiting

sexualized behaviors, an investigation was conducted, revealing that Doe had raped and indecently touched the victims multiple times over a two-year period from 2015 to 2017. The rapes included penile-oral, penile-vaginal, and penile-anal penetration.

Doe was sentenced on his convictions to four to five years of imprisonment, followed by ten years of probation. In September 2020 the board notified Doe that it had preliminarily classified him as a level 3 sex offender. At Doe's request the board provided him with a de novo hearing, after which a hearing examiner issued a decision finally classifying Doe as a level 3 sex offender.[1]

In her decision the hearing examiner determined that two statutory high-risk factors applied: factor 1 (mental abnormality) based on Doe's diagnosis of "[p]edophilic [d]isorder, [n]onexclusive type, [s]exually attracted to females"; and factor 3 (adult offender with child victim) based on Doe's offending against two prepubescent children. The hearing examiner also applied several risk-elevating factors with full or increased weight: factor 7 (relationship between

_____

[1] Because the original hearing examiner became unavailable before issuing a decision, the board's Chair assigned a different examiner to the case. Ex V3 211. The original hearing examiner did not take any testimony, and so the hearing was not reconvened. See 803 Code Mass. Regs. 1.20 (4) (2016).

2

the offender and the victim) based on Doe's offending against an extrafamilial victim and while in a position of trust; factor 18 (extravulnerable victim) because both victims were younger than eight-years old; factor 19 (level of physical contact) based on the "multiple penile penetrative acts" committed by Doe; and factor 22 (number of victims). The hearing examiner gave moderate weight to risk-elevating factor 9 (alcohol and substance abuse) and minimal weight to risk-elevating factors 10 (contact with criminal justice system) and 11 (violence unrelated to sexual assaults). The hearing examiner also applied several mitigating factors, giving full weight to factor 28 (supervision by probation), factor 33 (home situation and support systems), and factor 34 (stability in the community), while giving moderate weight to factor 32 (sex offender treatment) based on evidence that Doe was participating in all aspects of treatment but had not yet completed it. In the end the hearing examiner concluded that, despite the mitigating circumstances, Doe's risk of reoffense and degree of dangerousness were high, warranting a level 3 classification.

On appeal Doe argues principally that the case should be remanded to the board because the hearing examiner did not adequately explain why Doe should be classified as a level 3, rather than a level 2, offender. We are unpersuaded. The hearing examiner's detailed, forty-page decision demonstrates

3

that she considered the individual facts of Doe's case, applied the statutory and regulatory factors to those facts, and evaluated the qualitative weight of the applicable factors. See 803 Code Mass. Regs. § 1.33 (2016) ("The final classification level is . . . based on . . . a qualitative analysis of the individual sex offender's history and personal circumstances"). The hearing examiner explained how much weight she assigned each factor and why. Viewing the decision in its totality, we are satisfied that the hearing examiner's analysis "show[s] that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex." Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).

Doe also asserts that the hearing examiner's decision is unsupported by substantial evidence. This assertion is too insufficiently developed to constitute adequate appellate argument. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). In any event, even assuming the argument is adequately raised, it is without merit. "Our review of a hearing examiner's decision does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion, . . . but only whether a contrary conclusion is not

4

merely a possible but a necessary inference" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 3839 v. Sex Offender Registry Bd., 472 Mass. 492, 500-501 (2015). Here, Doe's diagnosis of pedophilic disorder and the circumstances of his sex offenses -- which involved numerous, fairly recent, sexual assaults against two prepubescent victims -- supported the hearing examiner's determination that Doe presents a high degree of dangerousness and a high likelihood to reoffend.

Judgment affirmed.

By the Court (Sacks, Shin & Hershfang, JJ.[2]),

Clerk

Entered: November 21, 2024.

---

[2] The panelists are listed in order of seniority.