NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1505

CARETTE YOUNG

vs.

JPMORGAN CHASE BANK, N.A.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After stipulating to a settlement of her claims challenging the validity of a mortgage and the standing of the defendant, JPMorgan Chase Bank, N.A. (bank), to foreclose, the plaintiff, Carette Young, violated the terms of the settlement agreement by failing to leave the property and by recording an affidavit with the registry of deeds under G. L. c. 183, § 5B (§ 5B affidavit). The bank filed suit in Superior Court seeking a declaratory judgment to expunge the § 5B affidavit from the land records. On June 6, 2023, judgment entered declaring the § 5B affidavit "null, void, and of no effect" and dismissing the plaintiff's counterclaims with prejudice.  On May 28, 2024, this court

_____

[1] Successor by merger to Chase Home Finance LLC.

affirmed the judgment.  See JPMorgan Chase Bank, N.A. v. Young, 104 Mass. App. Ct. 1108 (2024).

The plaintiff filed this action in the Land Court on June 21, 2023.  Her complaint requested (1) declaratory relief that the § 5B affidavit, "whether or not null and void, has no effect on the title to the Property; that [the bank] has no rights to exercise the Power of Sale in a previously discharged mortgage; and that [the plaintiff] is not responsible for obligations incurred by her mother and by the Trust"; (2) clarification of title; and (3) injunctive relief preventing the bank from "conducting a foreclosure auction of the Property."  The bank moved for summary judgment, arguing that the plaintiff's claims lacked merit and were barred by res judicata, the statute of limitations, and the doctrine of unclean hands.  The plaintiff opposed the bank's motion on the ground that material facts were in dispute and moved for partial summary judgment on the grounds that the promissory note relied on by the bank was forged and that the mortgage was discharged.  Following a hearing on September 12, 2023, the judge allowed the bank's motion for summary judgment and dismissed the plaintiff's claims with prejudice "[f]or reasons stated in open court this day."

The plaintiff appeals from that judgment, but the record appendix she submitted does not allow for meaningful appellate

2

review.  Among other deficiencies, the appendix does not include either party's motion for summary judgment or supporting materials or a transcript of the hearing at which the judge set forth his reasons for allowing summary judgment.  Instead, the plaintiff includes in the addendum to her brief several documents that do not appear to have been submitted to the Land Court.  It is a "fundamental and long-standing rule of appellate civil practice" that the appellant must include in the appendix all materials that "are essential for review of the issues raised on appeal."  Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18, as appearing in 491 Mass 1637 (2019). In particular, the appendix must include "any findings or memorandum of decision or order by the lower court pertinent to an issue on appeal, including a typed version of any pertinent handwritten or oral endorsement, notation, findings, or order made by the lower court."  Mass. R. A. P. 18 (a) (1) (A) (v) (c).  That the plaintiff is pro se does not excuse her from including these required materials in the appendix.  See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997). The plaintiff's failure to include the reasons for the judge's

decision, or even mention them in her brief,[2] amounts to a waiver of all issues raised in her appeal.  See <u>Johnson</u> v. <u>Christ Apostle Church, Mt. Bethel</u>, 96 Mass. App. Ct. 699, 701 n.4 (2019).

<u>Judgment affirmed</u>.

By the Court (Ditkoff, Grant & Toone, JJ.[3]),

Clerk

Entered:  January 31, 2025.

---

[2] The plaintiff asserts that "[f]rom the evidence" this court "can find facts not expressly found by the Trial Court judge" and "[i]f convinced that he was plainly wrong, the Appeals Court can find facts contrary to his findings."  That is not the applicable standard of review for a summary judgment decision, see <u>Bank of N.Y.</u> v. <u>Bailey</u>, 460 Mass. 327, 331 (2011), but in any event, the plaintiff does not set forth any of the judge's findings of fact or conclusions of law in her briefs.

[3] The panelists are listed in order of seniority.