NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-589

SOUTHCOAST REDEVELOPMENT, LLC

vs.

WILLIAM R. MURDOCH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William R. Murdoch, appeals from summary judgment ordered by a judge of the Housing Court in favor of the plaintiff, Southcoast Redevelopment, LLC, granting the plaintiff possession of the property located at 357 Wareham Street, Middleboro, Massachusetts (the property) and dismissing the defendant's two counterclaims seeking to void the plaintiff's purchase of the property from the Murdoch Family Trust (the trust).  On appeal, the defendant claims that the judge erred in granting summary judgment because genuine issues of material fact exist as to the defendant's counterclaims.  We affirm.

Discussion.  1.  Standard of review.  Our review of an allowance of a motion for summary judgment is de novo.  Blake v.

Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020). We must view the record evidence, and all reasonable inferences that can be drawn therefrom, in the light most favorable to the nonmoving party, here the defendant. Id. Summary judgment is appropriate only where, viewing the record in that light, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

2. Materiality of disputed facts. Preliminarily, we note that most of the twenty-one "genuine issues of material fact" asserted in the defendant's brief relate solely to the trustee's administration of the trust, and are therefore not material to the disposition of the defendant's counterclaims. Even if the trustee sold the property in a manner inconsistent with the terms of the trust, which we do not and need not decide, such a defect would not disturb the plaintiff's title, so long as the plaintiff relied in good faith on a trust certificate executed pursuant to G. L. c. 184, § 35 (section 35).[1] Accordingly, those

---

[1] Section 35 provides, in pertinent part, that "a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court . . . appears to be a trustee thereunder and which certifies as to: (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or (c) the existence or nonexistence of a fact which

2

factual disputes asserted by the defendant that fail to address the plaintiff's good faith reliance on the trust certificate are not "material."  See Dennis v. Kaskel, 79 Mass. App. Ct. 736, 741 (2011), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("a fact is 'material' when it 'might affect the outcome of the suit under the governing law'").

3.  The sale price.  With respect to the defendant's first counterclaim, the defendant contends that a genuine issue of material fact exists as to the plaintiff's good faith reliance on the trust certificate's statement that the trustee had "full power and authority . . . to convey the [property]" because the "enormous discount" at which the property was sold should have notified the plaintiff that "irregularities" had occurred in the administration of the trust.

_____

constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate."  Here, the defendant does not dispute that the trust certificate furnished by the trustee met the requirements of section 35; rather, he claims that the plaintiff did not rely on it in good faith.

The defendant also claims that the plaintiff is not entitled to the protection of G. L. c. 203E, §§ 1013 (f) and (g) because the trust certificate did not contain all of the information required by § 1013 (a).  We need not address the applicability of the Massachusetts Uniform Trust Code, as section 35 alone is dispositive.

3

Below, the defendant supported his opposition to the plaintiff's motion for summary judgment with an affidavit and a property appraisal. The defendant's claim that the property was sold "substantially below fair market value" is largely based on the appraisal, which opined that the property was worth between $475,000 and $485,000, as compared to the sale price of $250,000. However, the appraisal does not account for the facts that the property was sold (1) "as-is" with its condition unknown; and (2) with the defendant as a known occupant.[2] The defendant contends that the judge failed to view the summary judgment record in the light most favorable to the defendant, but there is no more favorable inference to be drawn from the appraisal: it simply fails to address the valuation impact of the above facts. No reasonable jury could have inferred from the appraisal that the property was purchased at such a significant discount to its fair market value as to impute to the plaintiff a lack of good faith in its reliance on the trust

---

[2] The defendant claims that his potential occupancy of the property as of the closing date could not have explained the sale price, as "[t]he price stated in the . . . purchase and sale agreement was fixed, whether or not [he] vacated the property prior to closing." This argument is unfounded. In the absence of supporting evidence, no jury could reasonably conclude that the risk of the defendant's occupancy could only be addressed through a variable pricing structure and not incorporated into a fixed price.

4

certificate.[3]  See Dennis, 79 Mass. App. Ct. at 740-741, quoting

Anderson, 477 U.S. at 248 ("a dispute about a material fact is

'genuine' when 'the evidence is such that a reasonable jury

could return a verdict for the nonmoving party'").

The defendant also claims that a genuine issue of material

fact exists as to the plaintiff's good faith reliance on the

trust certificate because of a statement allegedly made to the

defendant by the principal of Southcoast Redevelopment, LLC.

The defendant's affidavit alleges that a man, while looking

around the property, stated to the defendant, "I did better than

I thought.  My lawyers did good.  Let me say this, I won and you

lost."  The defendant contends that, based on this statement, it

"hardly sound[ed] as though [the man's] state of mind was one of

good faith."  However, the question is not whether the

plaintiff's officers generally conducted themselves in an

amicable manner, but rather, whether they relied in good faith

on the trust certificate's statement that the trustee had full

power and authority to convey the property.  The alleged

statement relates merely to the condition of the property, which

had previously been unknown to the plaintiff; it does not lend

---

[3] In addition to the appraisal, the defendant points to the $363,000 mortgage obtained by the plaintiff.  We likewise conclude that no reasonable jury could have inferred from this fact a lack of good faith in the plaintiff's reliance on the trust certificate.

support to the conclusion that the plaintiff was on notice of some defect in the trustee's authority to transact. Therefore, it does not establish a genuine issue of material fact as to the plaintiff's good faith reliance on the trust certificate.[4]

4. <u>The title search</u>. With respect to the defendant's second counterclaim, which seeks to negate the plaintiff's good faith reliance on the trust certificate on the basis of the plaintiff's alleged failure to perform a "proper and diligent title search," the defendant claims that a genuine issue of material fact exists because "there was no indication that title insurance was issued <u>after</u> a review of the [t]rust and confirmation that all terms and conditions were met to permit conveyance." In support of its motion for summary judgment, the plaintiff offered evidence of a title search that was conducted

---

[4] The defendant also claims that the plaintiff "under [G. L. c.] 203E (<u>e</u>) could have easily asked . . . the [t]rustee to furnish copies of the excerpts from the [trust] relevant to the trust property disposition guidelines, requirements or parameters." The defendant cites no legal authority for the proposition that a purchaser's protection under section 35 is contingent upon their request for the underlying trust documentation. Rule 16 (a) (9) (A) of the Massachusetts Rules of Appellate Procedure, as appearing in 481 Mass. 1628 (2019), requires that an appellant's brief support each contention "with citations to the authorities . . . on which the appellant relies." We treat as waived claims not adequately argued in the appellant's brief. See <u>id</u>. See also <u>Kellogg</u> v. <u>Board of Registration in Med</u>., 461 Mass. 1001, 1003 (2011) (court had insufficient basis to consider appellant's claims of error where appellant failed to provide supporting legal authority).

in connection with the issuance of a title insurance policy, prior to the sale of the property. After the plaintiff met its initial burden under Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002), "the burden shifted to the [defendant] to show with admissible evidence the existence of a dispute as to material facts." Godbout v. Cousens, 396 Mass. 254, 261 (1985). "[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The defendant's affidavit does not address the propriety of the aforementioned title search or title insurance policy. The judge therefore did not err in finding no genuine issues of material fact in regard to the defendant's second counterclaim.

5. <u>Summary judgment as to mental state</u>. Finally, the defendant claims that the judge erred in granting summary judgment because "the generally accepted rule is that the 'granting of summary judgment in a case where a party's state of mind . . . constitutes an essential element of the cause of action is disfavored.'" Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), quoting Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984). "This is not, however, an absolute rule." Asian Am. Civic Ass'n v. Chinese Consol. Benevolent Ass'n of New

England, Inc., 43 Mass. App. Ct. 145, 148 (1997).  See Dolan v. Airpark, Inc., 24 Mass. App. Ct. 714, 717 (1987).  To survive summary judgment on the issue of good faith, "[t]here must be some indication that [the defendant] can produce the requisite quantum of evidence to enable [him] to reach the jury with [his] claim."  A. John Cohen Ins. Agency, Inc. v. Middlesex Ins. Co., 8 Mass. App. Ct. 178, 183 (1979), quoting Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  As discussed, supra, the defendant failed to produce such evidence of a lack of good faith.[5]

Judgment affirmed.

By the Court (Meade,
   Desmond & D'Angelo, JJ.[6]),

Clerk

Entered:  March 5, 2025.

---

[5] The defendant also cites Davis v. Comerford, 483 Mass. 164, 179 (2019) in support of his position that a trial on the merits was required.  However, Davis is inapposite, as it applies specifically to the procedural requirements underlying a judge's grant of interim use and occupancy payments.  See id.

[6] The panelists are listed in order of seniority.