NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-581

N.M.

vs.

C.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, C.C., appeals from the extension of a harassment prevention order issued by a District Court judge pursuant to G. L. c. 258E (c. 258E order).[1]  As we understand the record provided to us, on April 16, 2025, following an ex parte hearing, the judge found a substantial likelihood of immediate danger of harassment to the plaintiff and issued the order in question against the defendant for a period of one week.  On April 23, 2025, following notice and a two-party hearing, the judge made a similar finding and extended the order for one year.  The defendant claims that the judge erred because the

---

[1] The plaintiff, N.M., did not file a brief.

plaintiff failed to prove three acts of harassment as required by the statute. The defendant also claims that she has no personal relationship with the plaintiff, that she never communicated with her, and that she never threatened her. However, these claims are set forth as conclusory statements without analysis or support with legal authority. The defendant, as the appellant, must comply with Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), and, accordingly, with respect to the issues presented, must set forth "the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."[2] Id. In addition, the record appendix, which consists solely of screenshots of court documents and images, does not shed light on the defendant's arguments.

Here, given the absence of: 1) a transcript or any substantive information concerning the alleged acts of harassment, 2) a summary of the plaintiff's testimony, 3) the significance of the images and screenshots contained in the record appendix, and 4) the lack of any discussion regarding the

---

[2] We recognize that the defendant is self-represented. This circumstance does not excuse her from complying with our rules of procedure. Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) ("Although the plaintiff[] ha[s] been acting pro se, [she is] held to the same standards as litigants who are represented by counsel" [quotations and citations omitted]).

alleged errors on the part of the judge, we cannot conduct a meaningful review of the issues raised. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (failure to support "claims of error with sufficient legal argument or factual detail" or "fail[ure] to cite to sufficient supporting authority. . . . provide an insufficient basis for [the] court reasonably to consider" appellate arguments). Despite these failures, we have reviewed what has been provided to us and discern no basis on which we can grant the defendant the relief she seeks. Accordingly, we affirm the order entered on April 23, 2025.

So ordered.

By the Court (Vuono, Neyman & Smyth, JJ.[3]),

Clerk

Entered: June 16, 2026.

---

[3] The panelists are listed in order of seniority.

3